MERCANTILE INVESTMENT & HOLDING Co., a Florida corporation, also known as MERCANTILE INVESTMENT AND HOLDING COMPANY, a Florida corporation, v. C. R. GILLILAND.

4 So. (2nd) 118

Division A

Opinion Filed October 10, 1941

*Arthur S. Friedman, Evans, Mershon & Sawyer* and *Herbert S. Sawyer,* for Plaintiff in Error;

*McCune, Hiaasen & Fleming,* for Defendant in Error.

ADAMS, J.—This petition is submitted by defendant in error to review an order of the circuit court taxing costs pursuant to Rule 24 of this Court.

The item taxed as cost and here complained of is $600.00 representing the premium paid for a supersedeas bond. Chapter 16246 Gen. Laws, 1933, provide:

"Section 1. If costs shall be awarded to either or any party in any civil cause at common law or in equity in any court of the State of Florida, then the

reasonable premiums or expenses paid on all bonds or stipulations, or other security furnished in the said cause by the prevailing party in whose favor such costs are allowed, may in the discretion of the judge of the court be taxed and allowed as a part of the costs of the case."

The supersedeas bond was filed in the circuit court after the appeal was taken to the Supreme Court. This Court reversed the judgment, 147 Fla. 610 3 So. (2nd) 149.

Relative to cost we also ordered:

"Upon consideration of the motion of Counsel for Plaintiff in error to assess and tax costs in this cause and the same having been duly considered, it is ordered that the sum of $12.00 costs in this Court be and the same is hereby taxed against Defendant in Error; it is further ordered that the cost of transcript of proceedings and other proper costs in the lower court reasonably incurred in said cause be taxed by the lower Court pursuant to Rule 24 of this Court adopted January 12, 1939."

It is contended that the item of cost was incurred in the Supreme Court and the circuit court was powerless to enter the order. This is untenable. Rule 24 provides that in all appellate proceedings the clerk of this Court may assess the cost reasonably incurred in this Court and in default to so assess such cost the judge of the lower court may assess the same subject to review by this Court.

It is further insisted that inasmuch as we taxed the $12.00 filing fee as cost without ordering the item in question paid, we thereby determined that same should not be taxed. This is without merit. It is the usual practice of this Court to tax only the filing

fee and leave to the lower court to tax the other cost. It appears from the record that the lower court considered the item and in the exercise of its discretion allowed same. Such authority was given by Rule 24 of this Court and c. 16246, Gen. Laws, 1933.

The order is affirmed.

BROWN, C. J., WHITFIELD and BUFORD, J. J., concur.