MATHEWS, Justice.
This is a proceeding to review an order entered by the Circuit Judge denying a motion of Miami Retreat Foundation for the assessment of costs in this cause pursuant to Supreme Court Rule 24, 30 F.S.A.
*668 This cause originally , wá's instituted by the Attorney General, of the - State of Florida, and in the bill of coinplaint he alleges that “he brings this suit under-authority- granted to him as Attorney General of the State of Florida * ■*’ - * by Section 617.09, F.Sv [F.S.A.]” ■ After-the filing of the bill of complaint Ruth Reed became a-party to the suit by filing-a cross-bill. The cause proceeded to trial in the Circuit ■ Court of Dade County and the final decree was entered in favor of Richard W. Ervin, as Attorney General of the State of Florida for and on behalf of the State of Florida, plaintiff (appellee - here): and Ruth Reed, cross-complainant (appel-lee here), and against the'defendants, Miami Retreat Foundation et al.' (appellants here). There was an appéál from that final decree to this Court. ' In due course this Court, 62 So.2d 748, reversed the final décree entered by the Circuit Court of Dade County, with directions to dismiss the bill of complaint filed by the Attorney, General' and the cross-bill of complaint of Ruth Reed, and the mandate also contained the following:
“ * * * it is further ordered by the Court that the Appellants do have ’ and recover of: and from the Appellees -their costs by them in this'behalf expended, which costs are taxed at the sum of-dollars; therefore
“You are hereby commanded, That such further proceedings be had in said cause as according to right, justice,' the judgment of the said Supreme Court, and the laws of the State of Florida, ought to be had, the said Decree of the Circuit Court notwithstanding.” [Emphasis supplied.]
Thereafter, in compliance with the mandate of this Court, the Circuit Judge made the following order:
“Ordered, adjudged and decreed as follows :
“1. The Complaint of,Richard W. Ervin, as Attorney General of the State of Florida, for and on behalf of the State of Florida, be and the same is' hereby dismissed, with prejudice and costs.
“2. The Cross-Complaint of Ruth Reed, be and the same is hereby Dismissed, with prejudice and costs.,
“3. The Supersedeas Bond, heretofore executed and filed of record herein, be, and the same is hereby Dis-' charged.
“4. The Court retains jurisdiction of this cause only for the purpose of assessing costs.” (Emphasis supplied.)
After the entry of the above order, Miami Retreat Foundation, in compliance with Supreme Court Rule 24) -filed a motion in the Circuit Court of Dade County, Florida, for the assessment of costs, setting forth in detail the items of costs to be taxed or assessed.
After argument upon the said motion, as recited in the Order of the Circuit Judge, he made an order as follows:
“Ordered, adjudged and decreed that said Motion be and is hereby denied.”
The order of the Circuit Judge gives no reason for denying the motion to assess costs, filed by Miami Retreat Foundation.
As the amount-for each item of costs for the original appeal was not known, the mandate of this Court simply ordered that -costs be taxed at the “sum of- dollars.” Supreme Court Rule 24(2) (a) authorizes the judge of the lower court, upon motion, to assess such costs. Proper motion was made under Supreme Court Rule 24, specifying the various items of costs.
No formal reply to the petition now before this Court to review-the order of the Circuit Judge denying the motion to tax costs has been filed. However, there has been filed a memorandum signed by the Attorney General in opposition to the petition. In this reply, or memorandum, the Attorney General asserts that the action was brought under the authority of-Section 617.09, F.S., F.S.A., which reads as follows :
“Proceedings to annul franchise, etc.
“In the event any member or citizen shall complain to the attorney general that any corporation organized under this chapter was organized or is being used as a cover to evade any of the *669 laws against crime, or for purposes inconsistent- with those stated in the •charter, a'nd' shall submit prima facie evidence to sustain such charge, to-. gether with sufficient money to cover court costs and expenses, the attorney general forthwith shall institute and in due course prosecute to.final judg-. ment such legal or pquitable proceedings as may be considered advisable either to annul the franchise or prevent its improper use.” .
The principal question raised by the Attorney -General in his reply to the petition , is that costs cannot be assessed, or taxed, against the State.
Section 617.09, F.S., F.S.A., provides that “the attorney general forthwith shall institute and in due course prosecute to final judgment such legal 'or equitable proi ceedings as may be considered advisable either to annul the franchise or prevent its' improper use.” Before any duty is .imposed upon the Attorney General or before he is authorized to proceed in the institution and prosecution of a suit, the following conditions must exist:
(1) A member of the corporation or a citizen shall complain to the Attorney General that the corporation was organized or being used as a cover to evade any of the laws against crime or for purposes inconsistent with those stated in the charter, and
(2) Shall submit prima facie evidence to sustain such charge, and
(3) Together with sufficient money to cover costs and expenses.
Until the contrary appears, it is presumed that the Attorney General performed his duty. See the article on Presumptions and Burden of Proof, Sec. I, Vol. 11, p. 85, under the title of Presumptions — “That Public Officers Properly Discharged Their Duties.” There is no claim or suggestion that the Attorney General failed to perform his duty as provided by Section 617.09, F;S., F.S.A. It is, therefore, presumed that a member of the corporation or a citizen complained to the Attorney General and submitted prima facie evidence to sustain his charges “together with sufficient money to cover court costs and expenses,” which includes the costs and expenses on appeal, as well as in the Circuit Court.
 There is a sound reason why the Legislature in the enactment of Section 617.09, F.S., F.S.A., required the Attorney General to secure a sufficient sum of money to cover court costs and expenses in a case like the one now before us. ■ It is always ■ possible for the Attorney General to be imposed upon by complaints of others' and -the presentation of facts by others which, on their face, might make out a prinia facie case, but when suit is brought, based upon such prima facie' showing, the decree may be in favor of the defendant, after the defendant has paid .out or incurred tremendous costs. The purpose.of this section is to make certain the payment-of such costs and if the defendant prevails, to reimburse him for such costs reasonably incurred. There are other sections of the law' requiring costs,' or' security for costs, by those bringing suits in the Courts of the State of Florida, such as, Section 58.01, F.S., F.S.A., with reference to nonresidents. Section 58.04, F.S.,' F.S.A., is as follows:
“In all cases the party recovering the judgment shall recover also all his legal costs and charge's, which shall be included in the judgment; * * *.”
The question of assessing costs against the State of Florida is not involved in this proceeding. The sole question presented is the assessment of costs against Richard W. Ervin, as Attorney General, and Ruth Reed. We are not concerned in this opinion with the enforcement of the order or decree fixing and assessing costs or with the solvency of Ruth Reed or with her ability to pay costs.
The Circuit Judge is ordered to assess the costs, reasonably incurred by Miami Retreat Foundation in the proceedings, against the appellees, Richard W. Ervin, as Attorney General of the State of Florida, in his official capacity as such. See Mercantile Investment & Holding Co. v. Gilliland, 148 Fla. 260, 4 So.2d 118.
ROBERTS, C. J., and THOMAS and HOBSON, JJ., concur.