JOHNSON, Judge.
This is an appeal from a final judgment of the Circuit Court, Duval County, in a contested tax assessment of real property. The trial court fixed an assessment at a figure of $109,250.00 for each of the two years, 1966 and 1967. This assessment was broken down into two parcels for the purpose of arriving at an assessed valuation, to wit: a small parcel fronting on Atlantic Boulevard valued at $5,250.00 and the larger parcel fronting on Third Street at $104,000.00.
It is evident that much time and effort has been expended by the parties and the Court in attempting to arrive at the proper conclusion of value in this case.
It is apparent that the trial court, as the trier of facts, rejected the appraisal of the appellees’ expert appraiser, who had fixed his appraisal at $146,500.00. This appraisal was even more than the Board of Equalizers of the County of Duval had fixed as the proper 100% value for taxation. This expert appraiser gave an extensive breakdown of how he arrived at his appraised value, but his testimony was somewhat weakened, we believe, by his continued reference to rezoning the property, which indicates that the witness was consciously or unconsciously fixing values based upon uses of the property which could only be utilized after a rezoning, and the evidence was that there was little like *34 lihood of a rezoning any time in the near future.
There was no testimony given upon which a value could be arrived at between the highest figure of $47,000 by one of the plaintiffs’ witnesses, and the only figure given by the appellees’ witness of $146,500.
The trial court was confronted with these facts: the 1964 assessment was $6,-900.00. In 1965 it was first assessed by the assessor at $185,600.00, but when a complaint was made at the equalization hearing, the assessor or someone from his office advised that the property had been rechecked and the assessment fixed by the assessor at $34,800. This assessment was made after the general reassessment was ordered by the court in the case of Walter v. Schuler, Fla., 176 So.2d 81.
There was no showing made by appellees that economic conditions or any development factors had occurred since the supposedly 100% assessment of 1965 had been made, yet the Assessor’s Office had again assessed for 1966 at $185,000, which figure was declared by the Equalization Board to be $45,000 excessive and testified to by the appellees’ expert witness in this case as being approximately $40,000 excessive, in fixing a fair market value of $146,500.
Section 196.01, Florida Statutes, F. S.A., authorizes the circuit court to inquire into and determine the legality, equality and validity of assessments and to render decrees setting aside such assessment or any part of the same that shall appear to be contrary to law. But this provision of the law does not permit the trial judge to use his independent judgment, without competent evidence being introduced before him, in fixing assessments. He can not take the place of the assessor, although he may reduce the tax assessor’s assessment if competent evidence is introduced showing the same to be in error.
In this case the trial court had a trying time, and while we sympathize with him in his efforts, we fail to find any competent evidence from which the court could have arrived at the figure of $104,000 for the principal part of the property.
We therefore must and do reverse the order appealed from and remand the same for a new trial consistent herewith.
The trial court having held the assessment appealed from to be grossly in excess of its fair market value and illegal, all costé should be taxed against the appel-lees, and to the extent that the order appealed from attempts to prorate the costs, the same is reversed.
RAWLS, Acting C. J., and SPECTOR, J., concur.