RAWLS, Judge.
Plaintiff, R-C-B-S Corporation, instituted this action alleging that its twenty-three parcels of wild unimproved property totaling 1,206 acres were illegally and excessively assessed. In 1964 the assessments totaled $15,880; in 1965-$793,100; in 1966-$798,-000; and in 1967-$728,400. The plaintiff corporation now appeals from a final judgment reassessing its property for the years stated in which the trial judge found that the fair market value of same is $710,300.
Appellant frames the critical question in its first point on appeal as: Valuation of undeveloped, wild lands based upon conjectured future usage and demand admitted to be five to ten years away from the assessment date, and based upon a zoning admitted to be different from present zoning, is incompetent evidence upon which to base findings of value for tax assessment purposes.
This extensive record is infected with incompetent testimony on the part of the expert witnesses for plaintiff and defendant, in that each side proffered evidence based upon the “discount method” in arriving at the present highest and best use valuation. Illustrative of this type of incompetent evidence are excerpts of the trial judge’s findings, viz.:
“The discount period should represent the number of years during which a bona fide purchaser would be required to hold the subject property before he could resell the property in its unimproved state or before he could actually develop or begin to develop the subject property for residential or commercial usage. As to the central portion, the testimony as to the discount period ran from five to 171.8 years.[3]
“The base value used by the Tax Assessor’s expert was arrived at on the basis of the value reflected in the present market. The testimony was explicit that this expert did not attempt to speculate as to what the eventual retail value of the *428 subject property would be at the end of the discount period. However, based on the history of the past market in Duval County, the Tax Assessor’s expert concluded that it was very probable that during the discount period an appreciation in value would occur.
“The Tax Assessor used a discount period of five, seven or ten years, depending upon the location of the property, expected future demand for the property involved and the likelihood or desirability of development. The discount periods used represent a mean, that is, a discount period of ten years indicates expected sales in equal parts starting at the fifth year and ending at the fifteenth.
‡ * * ife * *
“The plaintiff’s real estate appraising expert also used a discount approach and concluded that the total fair market value of the subject property was in the amount of $141,500.00. * * * The mean discount period used was fifteen years. * * *»
As we held in Williams v. Simpson [1] an assessment based upon speculation and conjecture as to future value cannot be upheld for assessment purposes. Substantial testimony pertaining to long-range future commercial utilization of a portion of the subject property, long-range development of subdivisions and residential usages for which there is no present demand, and upon alleged comparable sales which in fact are not comparable to the present zoning, planning and utilization of the subject property was presented to the trial judge. Such evidence clearly violates the decisional law expressed in Walter v. Schuler[2] and Williams v. Simpson, supra.
In addition, the trial judge’s extensive 29-page judgment contains findings and conclusions contra to the decision of this Court in Merrill v. Simpson.[3] For example, he found in his final judgment that the total fair market value for tax assessment purposes was $82,200 as to one parcel; plaintiff’s expert testimony gave the total fair market value of said parcel to be $14,773; and the Tax Assessor’s expert witnesses testified that the fair market value of said parcel was $60,215 for the year 1965. The judgment appealed clearly states, “The values found to be legal by the court on some of the parcels of the subject property are in excess of the assessed value on these parcels.”[4] We find no expert testimony or basis in the record to support the trial judge’s finding that “The values found to be legal by the court” can be greater than any testimony adduced before him. In substance, it is apparent from a review of this extensive record that the trial judge in many instances substituted his personal opinion as to what he termed “fair market value” for that of the Tax Assessor.
In fairness to the trial judge, we note that the decisions of this Court in Williams v. Simpson and Merrill v. Simpson had not been reported at the time he entered the instant final judgment.
The judgment is reversed with directions that further proceedings be had in accordance with this opinion.
Reversed and remanded.
JOHNSON, Chief Judge, and CARROLL, DONALD K., J., concur.

 “. The problem which exists in determining the value of land based upon a discount theory is well stated by Robert H. Armstrong, ‘Future Urban Land Valuation’, The Appraisal Journal of the American Institute of the American Institute of Real Estate Appraisers, pp. 24-36 (January 1945) :
“ ‘It indeed would be helpful if we could plot the course of land value in relation to population, purchasing power, the growth of cities, and other economic trends. But the variables that exist in a highly geared economy are too numerous for any laws or charts to be made.’ p. 27.
“Further, plaintiff’s experts testified that if asked fifteen years ago to testify as to the present state of development of a specific parcel of property or if asked today to testify as to the state of development of a specific parcel of property fifteen years from date, they would have been or are unable to do so.”

. Williams v. Simpson, 209 So.2d 262 (Fla.App.1st 1968).

. Walter v. Schuler, 176 So.2d 81 (Fla. 1965).

. Merrill v. Simpson, 220 So.2d 33 (Fla. App.1st 1969).

. The trial judge recognized that the values found by him to he legal could not be utilized for assessment purposes in that he further stated: “For the years 1965, 1966 and 1967, the property must be valued for ad valorem tax purposes at the value found by this Court to be legal unless the assessed value for the year in question is less than the legal value, and, in that event, the assessed value shall govern for the three tax years in question.”