PER CURIAM.
This is an appeal from a final judgment entered in an action challenging the validity of a tax assessment. The defendant-appellant is Metropolitan Dade County through its taxing authorities. The plaintiff-appel-lee is the taxpayer-owner of an unimproved tract of real property located in Dade County. Since the trial court set a valuation on this tract which represented the property’s fair market value, the appellee was awarded a judgment which reduced its 1970 tax assessment.
The appellant presents two points for reversal. The first urges that the trial court erred in admitting into evidence the amount of a prior year’s assessment. See Metropolitan Dade County v. Tropical Park, Inc., Fla.App.1971, 251 So.2d 551. Our examination of the record reveals nothing that demonstrates or suggests that the amount of the 1969 assessment was introduced into evidence as proof of the fair assessment of the property for 1970. It does appear in the record that the plaintiff’s expert witness testified as to the amount of the 1969 assessment in discussing the methods used by the tax assessor’s office. However, no reversible error appears under this point.
The second point urges the insufficiency of the evidence to support the finding of the trial court. In its final judgment, the trial court found:
“The testimony and evidence educed in the cause revealed that the property was zoned for both agricultural and general use (an interim zoning), and is below the flood criteria as established for Dade County, Florida. It appears in this case that Metropolitan Dade County had devised [sic] in 1969, through its publication of January 1970, restrictions as to the use of the bayfrontage and that the submerged land owned by the Plaintiff was rendered useless by virtue of a new bulkhead line as established in 1969. It further appeared in this case that neither the Tax Assessor himself, nor the Acting Tax Assessor, participated in the assessing of this property as its valuations were determined by two employees and there is a lack of consideration of the enumerated factors set forth in Section 193.-021 [renumbered 193.011] Florida Statutes, [F.S.A.].”
Our review of the record convinces us that these findings are adequately supported by the record and should be affirmed. Cf. Simpson v. Merrill, Fla.1970, 234 So.2d 350; Homer v. Hialeah Race Course, Inc., Fla.App.1970, 249 So.2d 491; R-C-B-S Corporation v. Walter, Fla.App.1969, 225 So.2d 426.
Affirmed.