285 So.2d 671 (1973)
DADE COUNTY, a Political Subdivision of the State of Florida, et al., Appellants,
v.
The MIAMI HERALD PUBLISHING COMPANY, a Florida Corporation, Appellee.
No. 72-1464.
District Court of Appeal of Florida, Third District.
October 2, 1973.
Rehearing Denied December 7, 1973.
*672 Stuart Simon, Co. Atty., and R.A. Cuevar, Jr., Asst. Co. Atty., for appellants.
McCarthy, Steel, Hector & Davis, Miami, for appellee.
Before PEARSON and HENDRY, JJ. and SPECTOR, Associate Judge.
HENDRY, Judge.
Appellant, defendant in the trial court, seeks review of a final judgment following a non-jury trial which declared invalid and reduced the 1970 ad valorem tax assessment on plaintiff's building.
The Miami Herald building, constructed in 1963, consists of two interconnected structures, an office type structure and a warehouse type structure. The Herald building was placed on the 1970 tax roll at $21,689,163, and appellee-plaintiff challenged this assessment in the trial court.
Each party relied on testimony and a written report of a qualified real estate appraiser. Both appraisers agreed that the maximum useful life of the newspaper plant is forty (40) years. Testimony revealed that all other newspaper buildings in Dade County have been converted to office building uses, and because the county can support only one major newspaper plant, no real market exists for a building devoted to newspaper use. However, a market for office facilities does exist.
Appellee's appraiser employed the three basic appraisal approaches in arriving at his valuation-cost approach, market or sales comparison approach, and the income approach. Appellee's witness took into account in determining the 1970 fair market value that the highest and best use of the Herald building would be as office facilities. He determined a fair market value as of January 1, 1970 to be $12,000,000.
Appellant's appraisal expert, on the other hand, relied exclusively on the cost approach and based his appraisal on the Herald building as a newspaper plant. He estimated the 1970 fair market value at $18,726,000.
On this conflicting valuation evidence, the trial court accorded greater weight to appellee's assessment.
The fundamental question presented for our consideration is whether or not the trial judge's findings on the issue of fair market value are supported by competent substantial evidence. We think they are, and accordingly affirm.
"Fair market value" means the amount of money which a purchaser willing *673 but not obligated to buy, would pay to one willing but not obligated to sell. City of Tampa v. Colgan, 121 Fla. 218, 163 So. 577; Southern Realty and Utilities Corp. v. Gettleman, Fla.App. 1967, 197 So.2d 30; Williams v. Simpson, Fla.App. 1968, 209 So.2d 262. This court has previously held that testimony of potential future use is speculative and conjectural and incompetent as proof of fair market value. Bal Harbour Club, Inc. v. Dade County (Fla. App. 1969), 222 So.2d 428; see also Williams v. Simpson, supra, R-C-B-S Corporation v. Walter, Fla.App. 1969, 225 So.2d 426.
However, it has also been well recognized that a potential future use to which a piece of property is presently adaptable and which creates a present market demand may validly serve as a basis for present fair market value. R-C-B-S Corporation v. Walter, supra; City of Tampa v. Colgan, supra. The Florida Supreme Court, in City of Tampa v. Colgan, stated:
"... Prospective value alone cannot be made the substantive basis of an assessment, but can be considered to the extent that it enters into, or is reflected in, present value... ."
The record in the cause sub judice amply demonstrates that no market exists for a newspaper use building. Where an established market is non-existent, the process of valuation must comprehend not only one but all of the influencing factors going to make up the intrinsic value. Osborn v. Yeager (Fla.App. 1963), 155 So.2d 742; Hillsborough County v. Knight & Wall Co., 153 Fla. 346, 14 So.2d 703.
The determination of the weight to be accorded to the expert testimony of the real estate appraisers rested upon the trier of facts. City of Coral Gables v. Brasher (Fla.App. 1961), 132 So.2d 442. We find nothing in the record to indicate that the trial court's determination in favor of the appellee was not supported by substantial competent evidence.
Therefore, for the reasons stated and upon the authorities cited, the judgment appealed is affirmed.
Affirmed.