321 So.2d 118 (1975)
A. H. BLAKE et al., Appellants,
v.
FARRAND CORPORATION, INC., a Florida Corporation, and Mackle Company, Inc., a Florida Corporation, Appellees.
No. 75-69.
District Court of Appeal of Florida, Third District.
October 28, 1975.
Stuart Simon, County Atty., and R.A. Cuevas, Jr., Asst. County Atty., for appellants.
Adams, George, Wood, Lee & Schulte and David L. Willing, Miami, for appellees.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
The tax assessor of Dade County takes this appeal to review a final judgment reducing *119 the 1973 tax assessment against the real property of the plaintiffs.
Ferrand Corporation, Inc. and Mackle Company, Inc., plaintiff-appellees, each own three parcels of adjacent real property which is located on Key Biscayne and zoned for multi-residential or high density use. As of January 1, 1973, the taxing date, the land which was assessed for $3,067,519 was subject to a building moratorium precluding the use of the property under the high density zoning. Plaintiff taxpayers filed suit to challenge this assessment as being excessive.
At the trial, extensive testimony as to the value of the property, which ranged from $0.00 to $4,467,450, was offered by plaintiff taxpayers and the taxing authorities. The trial judge determined that the 1973 assessment was made arbitrarily and without consideration of the enumerated factors as set forth in § 193.011, Fla. Stat., F.S.A., and enjoined the defendant taxing authorities from assessing or collecting ad valorem taxes against plaintiffs' property upon the evaluation in excess of the total sum of $1,840,511.40. The tax assessor appeals this reduced assessment. We affirm.
On appeal, defendant-appellants did not contest the finding of the trial judge that the subject assessment was arbitrary and made without consideration of the enumerated factors as set forth in § 193.011, Fla. Stat., but rather they argue the court cannot fix an assessment at a figure between the values which were testified to at trial.
The determination of the weight to be accorded to the expert testimony of the real estate appraisers rested upon the trial judge, as trier of the facts, and if competent substantial evidence is introduced demonstrating that the tax assessor's assessment is erroneous, he may reduce that assessment. See Dade County v. Miami Herald Publishing Company, Fla.App. 1973, 285 So.2d 671 and Simpson v. Merrill, Fla. 1970, 234 So.2d 350, 352.
Although no one specifically testified that $1,840,511.40 represented the value of the property as of the tax date, we cannot say that the trial judge arbitrarily arrived at this figure inasmuch as there was competent substantial evidence presented to support his determination of the just valuation of the property.
Accordingly, the judgment appealed is affirmed.