McNULTY, Judge,
concurring specially.
I fully agree that there was a lack of competent evidence to support the specific *958 assessments as found by the trial court. But in my view, even if there were sufficient evidence to which the trial judge could point I think he would be without authority to set the assessment himself. The tax assessor is a constitutional officer whose duty it is to assess. The courts ought not substitute their judgment for his. While it is true that Simpson v. Merrill[1] appears, through dicta, to support a contrary view, a careful reading of that case will reveal that the court was really determining that the evidence in that case would not support an assessment in excess of a certain amount. In other words, the court set a cap beyond which, by the assessor’s own evidence, a valid assessment would not lie.
The proper rule in these cases, I think, (analogously not unlike zoning cases[2]) ought to be that depending upon competent evidence a court may determine that a given assessment is legally excessive, and perhaps determine the amount of such excess (i. e., set a “cap”); but it should remand back to the assessor the function of actually setting the assessment taking into account other viable criteria which, in the assessor’s discretion, bear on the issue. If it is otherwise, every taxpayer feeling aggrieved would have nothing to lose if he but try to persuade a circuit judge to adopt his evaluation simply by presenting some competent evidence thereof. The circuit courts of this state may well end up doing nothing else.
I would therefore also reverse the assessment as set by the trial judge but would remand with directions that he determine the amount of excess of the assessment and return to the assessor the duty to make a specific appropriate assessment.

. 234 So.2d 350 (Fla.1970).

. See, e. g., City of Miami Beach v. Weiss, 217 So.2d 836 (Fla.1969); Burritt v. Harris, 172 So.2d 820 (Fla.1965); Wood v. Twin Lakes Mobile Homes Village, Inc., 123 So.2d 738 (Fla. 2d DCA 1960). See also 35 Fla.Jur., Zoning Laws, § 30 at pp. 729-730.