409 So.2d 1069 (1981)
IN the INTEREST OF R.W., a Child.
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellant,
v.
LEE COUNTY, Appellee.
No. 81-328.
District Court of Appeal of Florida, Second District.
December 18, 1981.
Rehearing Denied January 15, 1982.
*1070 Anthony N. DeLuccia, Jr., Fort Myers, for appellant.
James Yaeger, County Atty., Fort Myers, for appellee.
CAMPBELL, Judge.
This is an appeal by the appellant, State of Florida, Department of Health & Rehabilitative Services, from a judgment of the trial court which required appellant to pay fees to a guardian ad litem appointed for a minor child pursuant to section 827.07(16), Florida Statutes (1979). We affirm.
The sole issue raised by appellant is whether it can be required to pay such fees absent a specific legislative appropriation. In support of its position, appellant relies on article VII, section 1 of the Florida Constitution, which provides that no money shall be drawn from the state treasury except pursuant to appropriations made by law. We feel that the constitutional limitation does not require every expenditure for which the state might be obligated to pay to be specifically itemized in appropriations to the various departments of state government. That would be impossible.
We consider an award of fees to a guardian ad litem appointed as required by statute to be closely akin to an award of costs and attorney's fees provided by statute to be awarded to a prevailing party. Thus, the case of Simpson v. Merrill, 234 So.2d 350 (Fla. 1970), is so analogous to this case as to be controlling here. It is illustrative of expenditures that may be required of the state but not anticipated by a specifically itemized appropriation. In Simpson, the supreme court considered whether the state or any of its agencies would be liable for court costs that might be taxed in favor of a party recovering judgment. The court held that the state or its agencies are required to pay such costs absent any specific exemption in section 57.041, Florida Statutes (1969), which provided for recovery of legal costs.
Chief Justice Ervin's concurring opinion in Simpson thoroughly addresses the potential problem of a lack of available appropriated funds to pay for judgments rendered against the state. There, he recognized that where such judgments are rendered, in order to pay the judgments it may be necessary for the agency to transfer funds within its appropriated budget when such transfers would not seriously jeopardize the normal duties of such agencies. He also recognized that whether funds are available with which to pay such judgments is not always readily ascertainable, stating:
If there is dispute as to availability of funds of the officer or agency to pay such costs, a separate mandamus action to determine the issue could be brought. If there were no funds available, the losing officer or agency in the litigation could seek a budgetary item in his or its succeeding year's budget to pay the judgment costs or a claim or relief bill could be sought.
234 So.2d at 353. See also Roberts v. Askew, 260 So.2d 492 (Fla. 1972).
Appellant relies on In Re D.B. and D.S., 385 So.2d 83 (Fla. 1980), as support for its position that Lee County, not appellant, should pay the guardian ad litem fees incurred pursuant to section 827.07(16). We find that reliance misplaced as we interpret that decision to be restricted to cases where appointment of counsel is constitutionally required. In those instances the court held *1071 that section 43.28, Florida Statutes (1979), requires the county to pay such fees. Appointment of a guardian ad litem in child abuse cases is not a constitutional requirement nor is it the type of appointment necessary to the operation of the court as contemplated by section 43.28. It is the result of a legislative requirement under chapter 827, Florida Statutes (1979). Section 827.07(11) places the prime responsibility for carrying out the provisions of that chapter upon appellant. Appellant, therefore, should pay the costs incurred in carrying out that responsibility.
Florida Department of Health & Rehabilitative Services v. In Re R.M.A., 327 So.2d 844 (Fla. 1st DCA 1976), held in a similar case that the appellant could not be required to pay a fee to the guardian ad litem. We are not in conflict, however, since that case was based on lack of statutory authority for award of a fee to a guardian ad litem and was prior to the enactment of section 827.07(16) which now requires the appointment of a guardian ad litem.
We, therefore, affirm the judgment of the trial court.
SCHEB, C.J., and SCHOONOVER, J., concur.