453 So.2d 85 (1984)
In re the Interest of M.P., a Child.
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellant,
v.
LAKE COUNTY, a Political Subdivision of the State of Florida and Stephen G. Birr, Appellees.
Nos. 83-584, 83-779.
District Court of Appeal of Florida, Fifth District.
June 14, 1984.
*86 James A. Sawyer, Jr., Gainesville, for appellant.
J.H. Davis, III, and Mary M. McDaniel, of Ford & Minkoff, P.A., Tavares, for appellee Lake County.
Stephen G. Birr, pro se.
DAUKSCH, Judge.
This is an appeal from orders awarding costs and attorney's fees to a court-appointed guardian ad litem in juvenile dependency proceedings.
Two children were brought to court after the State of Florida, Department of Health and Rehabilitative Services alleged they were being neglected and mistreated by their parents. H.R.S. sought the permanent removal of the little brothers from their parents. One was adopted, so that case was terminated. The other child was declared dependent and permanently committed to H.R.S. for adoption by new parents.
The trial court had appointed a guardian ad litem, appellee Stephen G. Birr, a lawyer, to represent the interests of the children. A child in this type of case has interests separate from its parents and separate from the state. It takes a good lawyer, working hard, to look out for the child. The court found Birr had fulfilled his obligations and assessed a fee against the state agency, H.R.S., for the lawyer's services and for the costs expended. The order of assessment required payment within thirty days. H.R.S. appeals saying Lake County should pay the fee and costs, if anyone. Further it is complained that if H.R.S. has to pay, thirty days is too soon because no money has been appropriated for such expenditures.
It is well settled that payment of fees and costs is usually left to the individual litigants, and unless provided otherwise by contract or statute, the lawyer looks to his client for those sums. There is, however, statutory authority for the reimbursement of costs to a guardian ad litem. Section 827.07(16), Florida Statutes (1981), provides:
A guardian ad litem shall be appointed by the court to represent the child in any child abuse or neglect judicial proceeding. Any person participating in a judicial proceeding resulting from such appointment shall be presumed prima facie to be acting in good faith and in so doing shall be immune from any liability, civil *87 or criminal, that otherwise might be incurred or imposed. In those cases in which the parents are financially able, the parent or parents of the child shall reimburse the court, in part or in whole, for the cost of provision of guardian ad litem services. Reimbursement to the individual providing guardian ad litem services shall not be contingent upon successful collection by the court from the parent or parents. (Emphasis added).
In this situation, the appointment of a guardian ad litem is a legislative requirement and the prime responsibility for carrying out this requirement has been placed on the Department of Health and Rehabilitative Services (appellant). In Interest of R.W., 409 So.2d 1069, 1071 (Fla. 2d DCA 1981). Section 827.07(11) provides:
(a) The department shall:

1. Have prime responsibility for strengthening and improving child abuse and neglect prevention and treatment efforts.

2. Seek and encourage the development of improved or additional programs and activities, the assumption of prevention and treatment responsibilities by additional agencies and organizations, and the coordination of existing programs and activities.
3. To the fullest extent possible, cooperate with and seek cooperation of all appropriate public and private agencies, including health, education, social services, and law enforcement agencies, and courts, organizations, or programs providing or concerned with human services related to the prevention, identification, or treatment of child abuse or neglect.
4. Provide ongoing protective, treatment, and ameliorative services to, and on behalf of, children in need of protection to safeguard and ensure their well-being and, whenever possible, to preserve and stabilize family life.

(b) All state, county and local agencies have a duty to give such cooperation, assistance, and information to the department as will enable it to fulfill its responsibilities under this section. (Emphasis added).
Because H.R.S. has the prime responsibility in carrying out the provisions of Chapter 827, the court in In Interest of R.W., concluded that:
"Appellant [H.R.S.], therefore, should pay the costs incurred in carrying out that responsibility." 409 So.2d at 1071.
Additionally, the court in In Interest of R.W. considered an award of fees[1] to a guardian ad litem "as required by statute" to be "closely akin to an award of costs and attorney's fees provided by statute to be awarded to a prevailing party." Id. at 1070. The court found the case of Simpson v. Merrill, 234 So.2d 350 (Fla. 1970), analogous because "[i]t is illustrative of expenditures that may be required of the state but not anticipated by a specifically itemized appropriation." Id. The court in Simpson held that:
Florida Statute § 57.041, F.S.A., provides for the recovery of legal costs by the party recovering the judgment in all cases except those specifically exempted. The exemptions in the statutes do not include the State or its agencies and we can find no basis for reading such an exemption into the ... act.
234 So.2d at 351. See also A.Z. v. State, 404 So.2d 386 (Fla. 5th DCA 1981) (recognizing that certain costs are available in a juvenile proceeding, after appeal, in the discretion of the lower court).
Apparently, the parents of the children in the instant case were indigent and unable to provide reimbursement to the guardian ad litem. As stated in Section 827.07(16), Florida Statutes, reimbursement should not be contingent upon collection from the parents; therefore, it appears that the appellant should bear the burden of reimbursement for the guardian ad litem's costs, and possibly for the cost of the guardian ad litem's services.
*88 The appellant contends that the trial court's award of attorney's fees to Appellee Birr is contrary to the Florida Supreme Court's holding in In Interest of D.B. and D.S., 385 So.2d 83 (Fla. 1980). This assertion is inaccurate because the award of attorney's fees to the guardian ad litem was allowed to stand in that case, although the award was to be recalculated, even though counsel was found not to be constitutionally required.
In Interest of D.B. involved an appeal by the state from orders directing it to pay attorney's fees for representation of both indigent children and parents in all juvenile dependency proceedings. The circuit court had found that the state was obligated to provide this legal representation as a fundamental constitutional right under the due process clause of the Florida Constitution and the United States Constitution. The Florida Supreme Court rejected the holding that all indigent participants in juvenile dependency proceedings are entitled to have counsel supplied by the state. The court stated:
We find that a constitutional right to counsel necessarily arises where the proceedings can result in permanent loss of parental custody. [i.e., the indigent parent having custody has a constitutional right to counsel under this circumstance.] In all other circumstances the constitutional right to counsel is not conclusive; rather, the right to counsel will depend upon a case-by-case application of the test adopted in Potvin v. Keller, 313 So.2d 703 (Fla. 1975). We recognize that in all instances the trial court must ensure that proper notice and an opportunity to be heard be provided to the participants.
Id. at 87. See also Fla.R.Juv.P. 8.290(c)(2) and 8.300 (1983).[2]
Concerning the case relating to D.B. (a five-year-old child), the court stated:
While we hold that the appointment of counsel to serve as guardian ad litem for a child is never constitutionally required in a dependency proceeding, it was an appropriate appointment under the facts of this case which include the mother's contest of a prior surrender of the child, the mother's history as a prostitute and heroin addict, and a father in prison seeking custody.
385 So.2d at 93. Presumably, the court allowed the award of attorney's fees to D.B.'s guardian ad litem to stand, since no further mention of that matter is apparent in the opinion. (The court had noted earlier that "a right to counsel may be required in *89 certain circumstances" in dependency proceedings. Id. at 90.).
Regarding the case relating to D.S. (a nine-month-old child), the court found that the appointment of counsel as guardian ad litem for D.S. was not constitutionally required. The court also found that "the appointment was not appropriate since the proceedings were instituted by H.R.S. to protect the interests of the child and there were no factors here which would justify the appointment of a guardian ad litem in addition to H.R.S. to safeguard the interests of the child." (It should be noted that only temporary custody of the child was sought by H.R.S.). Id. at 93. Thereafter, the court stated:

Although we find the appointment of counsel for the father of D.B. and the appointment of a guardian ad litem for D.S. to be neither constitutionally required nor appropriate under the circumstances of these cases, we recognize counsel did in fact represent their designated clients at the trial court's direction with the understanding that they would be paid for their services. Therefore, we find that these causes should be remanded and counsel should be compensated in accordance with the Rush fee formula set forth in this opinion. (Emphasis added.)
Id.
Similarly, in the instant case, although counsel for the two boys may not have been constitutionally required, the guardian ad litem did represent the children at the trial court's direction and he was led to believe that he would be compensated for his services. The Order Appointing Guardian Ad Litem directed Appellee Birr to "keep accurate records of work done and services performed" so the court could later consider the question of "a reasonable fee for the guardian ad litem to be paid in accordance with the applicable law." Furthermore, subsequent to the court's opinion in In Interest of D.B., Section 827.07 was amended to make the appointment of a guardian ad litem mandatory, and compensation for the services of the guardian ad litem seems contemplated by the phrase: "shall reimburse the court, in part or in whole, for the cost of provision of guardian ad litem services." (Subsection 16, Emphasis added).
Although based on the foregoing it appears that an award of attorney's fees to the guardian ad litem may be allowed to stand because there was some understanding that there would be compensation for services rendered, it does not appear that Appellee Birr was entitled to be fully compensated. The court in In Interest of D.B., was of the view that the government has an obligation to provide legal representation when such appointment is required by the constitution, but that lawyers should not be totally relieved of their professional obligation to provide legal services to the poor, and when constitutionally required, payment should be made under the formula expressed in State v. Rush, 46 N.J. 399, 217 A.2d 441, 448 (1966). The formula was stated by that court as follows:
We are satisfied the burden is more than the profession alone should shoulder, and hence we are compelled to relieve the profession of it.
... But for the time being at least, we think the members of the bar should contribute something more, despite still other calls upon them for gratuitous service. To that end, the compensation should be less than that expected of a client who can pay. The rate should reimburse assigned counsel for his overhead and yield something toward his own support. In approximate terms the overhead of the average law office probably runs about 40% of gross income. To meet that expense and yield something to assigned counsel, we suggest compensation at 60% of the fee a client of ordinary means would pay an attorney of modest financial success. (Emphasis added).
Id.
The court in In Interest of D.B. also opined that, ordinarily,

[w]hen appointment of counsel is desirable but not constitutionally required, *90 the judge should use all available legal aid services, and when these services are unavailable, he should request private counsel to provide the necessary services. Under these circumstances, no compensation is available, and the services are part of the lawyer's historical professional responsibility to represent the poor. (Emphasis added).
385 So.2d 92. However, as previously mentioned, because there was an understanding that counsel in that case (and in the instant case) would be compensated, the court found that payment would be allowed under the Rush fee formula (i.e., 60% of the fee). Furthermore, since the opinion in In Interest of D.B., the appointment of a guardian ad litem in any child abuse or neglect proceeding has become mandatory by statute, rather than "desirable." Thus, in the instant case, there is authority for the awards of attorney's fees,[3] but it appears that the trial court may have erred in the amount of the award, since the guardian ad litem was apparently awarded full compensation for his services. We find and hold that a reasonable fee, based upon the considerations discussed above would be 60% of the fee a client of ordinary means would pay a lawyer of moderate success.
The next question which must be considered is who should pay the award of attorney's fees. The appellant (H.R.S.) argues that it should not be required to pay the fee and requests this court not to follow the decision in In Interest of R.W., 409 So.2d 1069, 1070 (Fla. 2d DCA 1981). The appellant further urges this court to certify to the supreme court the issue of whether the Department of H.R.S. may be ordered to pay attorney's fees to the guardian ad litem in a child abuse case in the absence of a legislative appropriation for such expense. The appellant notes that "[s]ince guardians ad litem are required in every child abuse case, the budgetary impact on this agency is substantial, and the ability of this agency to invoke the assistance of the courts in child abuse and neglect cases would be very severely impaired."
The appellant contends that the county should be required to pay the fees in this case because a guardian ad litem is within the Florida Supreme Court's construction of Section 43.28, Florida Statutes (1981). That section provides:
The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts.
The appellant submits that the guardian ad litem in this case constituted "personnel necessary to operate" the court. However, it should be noted that Section 43.28 states that the counties shall provide such personnel unless provided by the state, and as discussed previously, H.R.S. (a state agency) has the primary responsibility in providing guardian ad litem services in child abuse cases. See § 827.07(1), Fla. Stat. (1981). Furthermore, the court in In Interest of R.W., addressed this issue and stated:
Appellant relies on In Re D.B. and D.S., 385 So.2d 83 (Fla. 1980), as support for its position that Lee County, not appellant, should pay the guardian ad litem fees incurred pursuant to section 827.07(16). We find that reliance misplaced as we interpret that decision to be restricted to cases where appointment of counsel is constitutionally required. In those instances the court held that section 43.28, Florida Statutes (1979), requires the county to pay such fees. Appointment of a guardian ad litem in child abuse cases is not a constitutional requirement nor is it the type of appointment necessary to the operation of the court as contemplated by section 43.28. It is the result of a legislative requirement under chapter 827, Florida Statutes (1979). Section 827.07(11) places the prime responsibility for carrying out the provisions *91 of that chapter upon appellant. Appellant, therefore, should pay the costs incurred in carrying out that responsibility. (Emphasis in original).
409 So.2d at 1071.
As noted by the court in In Interest of R.W., the supreme court in In Interest of D.B. found that "when counsel is constitutionally required, the county, rather than the state must compensate appointed counsel." 385 So.2d at 87. The supreme court also clearly found that counsel for the child in dependency proceedings is not constitutionally required, but may be appropriate under certain circumstances. However, the court did not specifically indicate who should pay for the child's attorney's fees in that event. Nevertheless, the court affirmed the award of fees to D.B.'s guardian ad litem (although remanding for application of the Rush fee formula), and the order affirmed re-quired the state to pay the fees.
While there is nothing in Section 827.07(16), Florida Statutes (1981), to indicate that compensation to the guardian ad litem is required, (i.e., the services could be pro bono), it appears that if payment is provided in this case it should be by the state, rather than Lake County, because counsel was not constitutionally required and because the state agency is primarily responsible for providing guardian ad litem services in child abuse cases.
The appellant submits that:
Once the amount of the agency's obligation is adjudicated, there must be an orderly judicial procedure in which the agency can assert without unreasonable peril that its presently budgeted funds should not be used to pay the judgment, that additional funds should be sought from the legislature for that purpose. The order to pay within thirty (30) days deprives the agency of this opportunity and should be reversed.
Appellant argues further that the court in In Interest of R.W., approved of Justice Ervin's concurring opinion in Simpson v. Merrill, 234 So.2d 350 (Fla. 1970), wherein Justice Ervin discussed the difficulties arising from judgment against state agencies for payment of costs. Justice Ervin stated:
If there is a dispute as to availability of funds of the officer or agency to pay such costs, a separate mandamus action to determine the issue could be brought. If there were no funds available, the losing officer or agency in the litigation could seek a budgetary item in his or its succeeding year's budget to pay the judgment costs or a claim or relief bill could be sought.
234 So.2d at 353. The appellant submits that the court's order in the case sub judice requiring payment within thirty days circumvents the foregoing procedure and lays the foundation for a contempt action against the appellant. The appellant also notes that the thirty-day order was entered without any judicial determination as to the availability of funds.
Appellant never objected below to the appointment of the guardian, which order required the keeping of records to support a compensation order, and never objected to the order requiring thirty-day payment. We cannot fault the trial judge for not ruling on these matters in a way appellant prefers where appellant never made its preferences known. Thus, we find no reversible error in this case in the thirty-day requirement and suggest H.R.S. by now has, or should have, resolved the budgetary problem, if there was one, with the legislature. We can envision no further problems either because the legislature and H.R.S. must now be aware they must pay for guardians ad litem in cases as this.
The orders are affirmed as to the allowance of the costs and fees but the case is remanded for a recalculation of the amount of the fee.
Affirmed as modified and remanded.
ORFINGER, C.J., and COWART, J., concur.
NOTES
[1] The court did not specify whether the term "fees" applied only to simple costs, or reimbursement for general services, or attorney's fees, or all of the foregoing.
[2] Rule 8.290(c)(2) provides:

In dependency cases, where permanent loss of parental rights or criminal child abuse charges might result, the court shall advise insolvent parents and custodians who are so entitled of the right to appointed counsel and shall appoint counsel to insolvent persons who are so entitled as provided by law, unless the right to counsel is knowingly and intelligently waived. The court shall enter its findings in writing with respect to the appointment or waiver of counsel for insolvent parties.
Rule 8.300 provides:
(a) At any stage of the proceedings, the court may appoint a guardian ad litem to represent any child alleged to be delinquent or dependent.
(b) The court shall appoint a guardian ad litem to represent the child in any child abuse or neglect proceedings.
(c) The guardian ad litem shall be an attorney or other responsible adult and shall have the following responsibilities:
(1) To investigate the allegations of the petition and, unless excused by the court, to file a written report. This report shall include a statement of the wishes of the child and the recommendations of the guardian ad litem, and shall be filed at least 48 hours prior to the dispositional hearing.
(2) To be present at all court hearings unless excused by the court.
(3) To represent the interests of the child until the jurisdiction of the court over the child terminates, or until excused by the court.
(4) To perform such other duties and undertake such other responsibilities as the court may direct.
(d) A guardian ad litem shall not be required to post bond but shall file an acceptance of the office.
(e) A guardian ad litem shall be entitled to receive service of pleadings and papers as provided by Rule 9.130(c).
(f) The duties of lay guardians shall not include the practice of law.
[3] See also In Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1981), petition for review denied, 418 So.2d 1279.