COWART, Judge.
Seminole County seeks a writ of certiora-ri from this court quashing the order of Circuit Court Judge C. Vernon Mize, Jr., directing the county to pay compensation to an attorney appointed to represent an *854 alleged substance abuser in an involuntary commitment proceeding pursuant to section 397.052, Florida Statutes (1987). The county does not object to the amount of the fees claimed, but contends that there is no statutory authority imposing any obligation on the county to pay such fees. We find that the circuit court order does not depart from the essential requirements of law, and therefore deny the writ.
Chapter 397, Florida Statutes, was enacted by the legislature to provide comprehensive and individualized programs for treatment of drug dependents.[1] The involuntary commitment of drug abusers is provided for upon petition of a spouse, parent, physician or other interested party.[2] However, a person whose treatment is sought under this law must be informed of his right to contest the commitment and to be represented by counsel at every stage of the proceeding, and counsel is to be appointed by the court if the person desires assistance but is financially unable to obtain counsel.[3] The statute does not include any provision placing the burden for compensation for legal services rendered on any specific governmental entity.
The county argues that the Department of Health and Rehabilitative Services should be held responsible for the legal fees in this case, because HRS has been charged by the legislature with overall responsibility for implementing the act. In In re the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), rev. denied, 472 So.2d 732 (Fla.1985), the court held that where the prime responsibility for carrying out the juvenile dependency laws rested on HRS, the duty to provide a guardian ad litem to represent a juvenile in a dependency proceeding must also lie with HRS. See also In re Interest ofR.W., 409 So.2d 1069 (Fla.2d DCA 1981), rev. denied, Department of H.R.S. v. C.C., 418 So.2d 1279 (Fla.1982).
On the other hand, in In re the Interest of C.L.C., 440 So.2d 647 (Fla. 5th DCA 1983), the court refused to order HRS to pay attorney’s fees for services rendered by the Withlacoochee Area Legal Services, Inc., in representing an indigent mother in a proceeding for permanent severance of parental rights. Instead, the court found that indigent parents have a constitutional right to court appointed counsel in proceedings for permanent termination of parental rights, and applied section 43.28, Florida Statutes, to hold the county liable for payment of.legal fees resulting from the employment of such necessary and essential personnel.[4] In doing so, the court relied on In re D.B. and D.S., 385 So.2d 83 (Fla. 1980), which construed section 43.28 to require the county to pay attorney’s fees for indigents in juvenile dependency hearings. The county argues that In re D.B. and D.S. is distinguishable because it involved constitutionally required counsel, and furthermore the court in that case recommended that when counsel was desirable, but not constitutionally required, legal aid services should be used, and if such services are not available, private counsel should be required to volunteer their services.
The Florida Mental Health Act, also known as the Baker Act,[5] provides that a patient whose involuntary commitment is sought under the act must also be advised of his right to object to the placement, and his right to court appointed counsel if he is indigent.[6] However, that statute also specifically requires that attorney’s fees for indigents represented under the act shall be paid from the general fund of the county in which the patient was involuntarily placed.[7] The court in In re Beverly, 342 So.2d 481 (Fla.1977), specifically found that a person who is the subject of an involun *855 tary civil commitment proceeding under the Mental Health Act has the right to effective assistance of counsel at all significant stages of the commitment process. There is no reasonable basis for holding that such a right applies to a commitment for mental health purposes, but not to a commitment due to substance abuse.
Although there is no Florida case directly on point, the California courts dealt with an identical question in Luke v. County of Los Angeles, 269 Cal.App.2d 495, 74 Cal.Rptr. 771 (1969), where the court considered who was to pay the attorney’s fees for counsel appointed under statutory authority to represent indigents in narcotic commitment proceedings when the law made no provision for payment. As in Florida, a California mental health statute required the county to pay for legal fees incurred under a similar statutory scheme. The court in Luke stated that “If society is to demand representation by counsel in an expanding variety of proceedings and to insist on a high level of competency in the performance of such representation, then counsel should be paid.” The California court found that the general policy exhibited in similar statutory schemes requiring counties to pay for legal services was evidence of a legislative intent to require counties to pay for legal services rendered to indigents in their domain, absent a contrary expression of responsibility.
Since the Florida statute providing for involuntary commitment for drug treatment was patterned after, and uses significantly similar language as, the Baker Act which requires the county to compensate attorneys for indigents, a similar intent could, and should, be implied in this case. Furthermore, such attorneys are, in fact, necessary personnel required by the statute to achieve the statutory goal of treatment for substance abusers. Just as in In re D.B. and D.S., where attorneys necessary because of constitutional requirements were to be paid by the county pursuant to section 43.28, so too should the county be held responsible for compensation of appointed attorneys required by chapter 397. Therefore, the trial court did not depart from the essential requirements of law in ordering the county to compensate the attorney in this case, and the petition for writ of certiorari is denied.
WRIT DENIED.
DAUKSCH and COBB, JJ., concur.

. Section 397.011(1), Florida Statutes (1987).

. Section 397.052(1), Florida Statutes (1987).

. Section 397.052(6), Florida Statutes (1987).

. Section 43.28 states: "The counties shall provide appropriate courtrooms, facilities, equipment, and, unless provided by the state, personnel necessary to operate the circuit and county courts."

. Section 394.451, et seq., Florida Statutes (1987).

. Section 394.467(2)(b), Florida Statutes (1987).

. Section 394.473, Florida Statutes (1987).