BASKIN, Judge.
Barry Shelomith entered into a partnership agreement with Louis Friedland to sell land owned by Shelomith. Pursuant to the written agreement dissolving the partnership, Friedland was to deed to Shelomith the lands of any customers who defaulted on their installment payments. Instead, Friedland deeded fourteen parcels to the defaulting customers, allegedly in breach of the agreement. Shelomith sued to recover damages for the properties he did not receive. The trial court entered summary judgment in his favor and conducted a non-jury trial on the issue of damages. In its final judgment, the trial court ruled that the properties had no value and awarded Shelomith zero damages. Shelomith filed this appeal.[1] We reverse and remand to the trial court with directions to award damages.
The parties stipulated that the only issue remaining following the entry of summary judgment was the value of six parcels on the day of trial.[2] The formula for the valuation of real property has traditionally been the price a buyer is willing to pay to a willing seller who is not compelled to sell, considering all the uses for which the property is adapted and to which it might reasonably be applied. Walter v. Schuler, 176 So.2d 81 (Fla.1965); Root v. Wood, 155 Fla. 613, 21 So.2d 133 (1945); Southern Realty & Utilities Corp. v. Gettleman, 197 So.2d 30 (Fla.3d DCA), cert. denied, 201 So.2d 560 (Fla.1967); Staninger v. Jacksonville Expressway Auth., 182 So.2d 483 (Fla. 1st DCA 1966); Casey v. Florida Power Corp., 157 So.2d 168 (Fla. 2d DCA 1963).
The favored method of valuation is to compare the price being paid on the market for similar property. Florida Rock Indus., Inc. v. Bystrom, 485 So.2d 442 (Fla.3d DCA), review denied, 492 So.2d 1332 (Fla. 1986); Osborn v. Yeager, 155 So.2d 742 (Fla.2d DCA 1963). Other methods are appropriate to evaluate property for which an established market does not exist. “Where an established market is non-existent, the process of valuation must comprehend not only one but all of the influencing factors going to make up the intrinsic value. Osborn v. Yeager (Fla.App.1963), 155 So.2d 742 [sic]; Hillsborough County v. Knight & Wall Co., 153 Fla. 346, 14 So.2d 703 [ (1943) ].” Dade County v. Miami Herald Publishing Co., 285 So.2d 671, 673 (Fla.3d DCA 1973), cert. denied, 293 So.2d 713 (Fla.1974). Even property with no immediate use has been held to have some assessable value. Florida Rock.
Although Friedland presented evidence that no market presently exists for the parcels in question,[3] that fact alone does not support a finding that the land is totally lacking in value. According to trial testimony, comparable lots in the area were being sold for $5,500, substantial road improvements and recent area developments had enhanced the value of the lots, and an area developer with an interest in purchasing parcels had approached individual owners of scattered lots. The land has at least a minimal value and damages should be awarded on that basis.
Reversed and remanded.

.Appellee has filed a cross-appeal in which he requests that if we reverse for an award of damages that we also reverse the partial summary judgment and remand the entire matter for trial. We reject his request. The order granting partial summary judgment is supported by the record and no genuine issue of material fact exists on the issue of liability under the agreement. Holl v. Talcott, 191 So.2d 40 (Fla.1966).

. As to a seventh account, both liability and damages were at issue.

. The land is submerged, covered with vegetation, and without access roads. The award of zero damages was urged on the ground that the lots are too scattered to be of any value to a buyer.