SHARP, Judge.
Appellant, the mother of A. Z., a juvenile, argues the juvenile court erred in denying her motion to tax costs against the Department of Health and Rehabilitative Services, pursuant to Florida Rule of Appellate Procedure 9.400(a).[1] In a prior appeal[2] appellant had been the prevailing party obtaining the reversal of the lower court’s adjudication of dependency. The appellant sought to recover the following “costs”:
(a) Clerk, Circuit Court — filing fee
(b) Clerk, Court of Appeal — filing fee
(c) Appearance fees and mileage fees, for subpoenas for four witnesses
(d) Transcript
(e) Fee in Circuit Court for indexing record
(f) Additional Circuit Court fee for indexing record
She contends all were necessary to perfect this appeal because the lower court failed to have the hearing transcribed.
The order of the trial judge states that the appellant’s motion was denied[3] because section 39.414, Florida Statutes (1979) bars recovery of court fees or witness fees in all juvenile proceedings pursuant to Chapter 39, Florida Statutes (1979):
In all proceedings under this chapter, no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition or any parent or legal custodian or child named in a summons. . . .
This section appears to preempt and control the question of court fees and witness fees at trial, and on appeal. However, other costs on appeal allowable under Rule 9.400(a), such as the cost of the transcript, are not covered, and therefore they would *388 be awardable to the prevailing party, in the discretion of the lower court.
We reverse the lower court’s denial of the appellant’s motion to tax costs and remand this matter to the lower court for further consideration.
REVERSED AND REMANDED.
COBB and COWART, JJ., concur.

. Both parties agree appellant is not seeking to impose costs on Ms. Waskiewicz, the “petitioner” who signed the delinquency petition for the Department of Health and Rehabilitative Services as its employee.

. A. Z. v. State, 383 So.2d 934 (Fla. 5th DCA 1980).

. Appellant filed an appeal from the denial of her motion for costs. However, the proper method for review of orders granting or denying appellate parties’ costs pursuant to Florida Rule of Appellate Procedure 9.400(a), is to file a motion for review in the appellate court. Fla.R.App.P. 9.400(c). We therefore treated the notice of appeal as a proper motion in accordance with Florida Rule of Appellate Procedure 9.040(c), and ordered the proceeding consolidated with the prior appeal.