444 So.2d 1148 (1984)
In re the Interest of J.S., a Child.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
Johneva SIMS, Appellee.
No. 83-156.
District Court of Appeal of Florida, Fifth District.
February 9, 1984.
*1149 Douglas E. Whitney, Orlando, for appellant.
No appearance for appellee.
COWART, Judge.
The juvenile judge adjudicated a child, J.S., dependent and placed it in the custody of its mother under the protective supervision of the Department of Health and Rehabilitative Services (HRS) with the understanding or expectation that HRS would institute proceedings under section 409.2561(4), Florida Statutes (1981), to legally establish the duty of support of the child's putative father and to seek reimbursement from him of public funds paid to the mother for support of the child under section 409.255.
At a later review hearing the juvenile judge, learning that HRS did not intend to seek reimbursement from the putative father, ordered the mother, as court appointed custodian of the child, to institute a paternity action against the putative father to establish his duty of support and ordered the child support enforcement unit of HRS to assist the mother as provided under section 409.2567, Florida Statutes (1981).
HRS appeals the order arguing that the juvenile judge, as a member of the judicial branch of state government, violated the separation of powers clause of the constitution of the State of Florida (Fla. Const. art. II, § 3) by ordering HRS, an executive agency, to exercise a power appertaining to the executive of the state government, being the discretionary statutory right under section 409.2561(4), Florida Statutes, to seek reimbursement from a person primarily responsible for the child support for which public assistance is being paid.
In Florida the circuit judge acting as juvenile judge has succeeded to all of that exceptional common law jurisdiction of courts of chancery to act on the court's *1150 own volition to protect the interests of infants. In addition section 39.40(2), Florida Statutes, explicitly recognizes the continuing jurisdiction of the juvenile court over a child adjudicated to be dependent. The proper exercise of this unusual jurisdiction recognized by the common law and by statute imposes a duty to affirmatively act in the interest of a child in a manner which is abnormal to the usual judicial function of acting only on matters presented by pleadings filed by the parties. Such duties and obligations include protection of the interests and best welfare of the minor children adjudicated by the court to be dependent.
HRS is the state executive agency most concerned with the welfare of dependent children and has the staff, facilities and funds normally needed for effective governmental action with respect to insolvable problems involved in cases involving dependent children. As to the interests of children the duties and concerns of the juvenile judge and HRS substantially overlap and in the best interest of the public and dependent children the judiciary and HRS must cooperate to effectuate the legitimate functions of each. As a practical matter in pursuance of its legitimate duties HRS often needs and seeks the cooperation of juvenile judges in ways outside of the usual judicial function and it is not legally impermissible for the juvenile judge to seek and expect the cooperation and assistance of HRS. Recently this court and the First District Court of Appeal have held that the duties imposed on a juvenile judge authorize it to direct HRS to institute court proceedings deemed to be in the best interest of a dependent child. See In Interest of J.R.T., 427 So.2d 251 (Fla. 5th DCA 1983); Department of HRS v. Hollis, 439 So.2d 947 (Fla. 1st DCA 1983).
In this case the juvenile judge was well within the exercise of its jurisdiction to direct the custodian it had appointed to act in a specific manner deemed by the court to be in the best interest of the dependent child. Section 409.2567, Florida Statutes (1981), provides:
All child support collection and paternity determination services provided by the department shall be made available to any individual not otherwise eligible for such services, upon proper application filed with the department. The department shall recover to the extent possible any costs incurred in the collection of child support under this section.
Upon proper application filed with HRS, this statute does appear to explicitly impose mandatory duties on HRS to assist individuals, such as the court appointed custodian of an illegitimate child, as to paternity determination and child support collection in instances other than those where HRS is exercising its discretion under section 409.2561 to seek reimbursement for public assistance paid under section 409.255 to aid families with dependent children. Whether the statutory duty provided by section 409.2567 can be enforced by judicial proceeding, such as mandamus, by an individual entitled to its benefits is not presented by this appeal. Nor has the juvenile judge in this case taken any action against HRS to enforce its order directing assistance. Considering its substance and legal effect, rather than its form, the order in this case can only be a request by the judge to HRS for it to assist the custodian of the dependent child as to matters concerning which HRS has a statutory duty to act. However, the juvenile court did not have authority to summarily order HRS to render assistance under section 409.2567 in such a manner as to be able to enforce a violation of that order as a contempt of court. Therefore we treat this appeal as a petition for certiorari[1] and grant the petition. The offending direction to HRS is
QUASHED.
FRANK D. UPCHURCH, Jr. and SHARP, JJ., concur.
NOTES
[1] See Fla.R.App.P. 9.040(c).