DANIEL S. PEARSON, Judge.
This appeal is from an order awarding attorneys’ fees in a post-dissolution proceeding. Inter alia, the order declared that a reasonable fee for the services rendered to the former wife, Claudia Gurman, by her attorney, Maurice Jay Kutner, is the sum of $13,000; required the former husband to pay such sum; and, in effect, absolved the client from any obligation to pay additional fees to Kutner, notwithstanding Kutner’s assertion that additional fees were due and owing to him under a contract between him and the client.[1]
*1277 Although this appeal is brought in the name of Claudia Gurman, it is apparent that of the two contentions ostensibly made on her behalf, one — that the trial court exceeded its jurisdiction in ruling that Claudia owed no additional fees to Kutner — advances Kutner’s interest only and, indeed, is in derogation of the interest of Claudia.[2] Thus, Claudia, because here represented by Kutner, has obviously had no opportunity to defend against Kutner’s contention and would be denied due process were we to entertain the appeal on this point. Therefore, we decline to consider or rule upon this point on appeal.[3]
The one contention which is appropriately before us — that the trial court abused its discretion in finding $13,000 to be a reasonable fee because the services rendered to the wife warrant a far higher fee — is, in our view, without merit.
Affirmed.

. The absolution is found in paragraph 5 of the order:
*1277 "5. MAURICE JAY KUTNER, P.A. has informed the Court of his written fee agreement with his client, the former wife, CLAUDIA LYNNE GURMAN, which agreement would require CLAUDIA LYNNE GURMAN to pay MAURICE JAY KUTNER, P.A. the difference between the THIRTEEN THOUSAND DOLLARS (113,000.00) fee found to be a reasonable fee by the Court and the SEVENTEEN THOUSAND THREE HUNDRED NINETY DOLLARS AND TWENTY TWO CENTS ($17,-390.22) which has been billed by MAURICE JAY KUTNER, P.A. to CLAUDIA LYNNE GURMAN. The Court hereby determines thay [sic] MAURICE JAY KUTNER, P.A.’s total fee for representing the wife in this cause shall be the THIRTEEN THOUSAND DOLLARS ($13,-000.00) found by the Court to be a reasonable fee.”
If the order is arguably ambiguous, the trial judge’s explanation of his intention is not:
"THE COURT: I have awarded you a total of $13,000.
"MR. KUTNER: I understand. I have already been paid five. So I am to collect no more than another $8,000 from anybody — that is the ruling of the Court?
"THE COURT: In answer to your statement, may I state the following: Had I said that the husband is to contribute to the wife’s attorney's fees, such and such an amount, then you would have been justified to collect whatever amount you would have collected from the wife.
“However, in this particular instance, what I am stating, now, is that the husband is to pay all the fees and that I find that the total — the reasonable fee for the wife's attorney, in this particular instance, is $13,000.”

. Under these circumstances, Kutner might have urged this contention in a separate appeal brought in his own name against Claudia, Fickle v. Adkins, 385 So.2d 1141 (Fla. 3d DCA 1980), or perhaps even in this appeal had Claudia had sufficient notice and opportunity to defend, so as to make realignment of the parties possible, accord, Milar Galleries, Inc. v. Miller, 349 So.2d 170 (Fla.1977) (notice of appeal deemed sufficient where appellants could be identified from a reading of appellate papers and appellee suffered no prejudice).

. Thus, we have not reached the merits of Kut-ner’s claim that under, for example, Barranco, Darlson, Daniel and Bluestein, P.A. v. Winner, 386 So.2d 1277 (Fla. 3d DCA 1980), the trial court is without jurisdiction in a dissolution proceeding to determine the amount due or not due from a party to his or her own attorney, such determination to be made only in a separate action at law. This issue, as well as the issue of the res judicata effect of an order from which, as here, an appeal has been taken but which has neither been approved nor disapproved on appeal, can be addressed in future litigation, if such occurs, between Kutner and his client over the difference between his outstanding bill to her and the $13,000.