FERGUSON, Judge.
Kim Layne filed a petition requesting that appellee, from whom she is separated, make child support payments which are currently provided by the State of Florida under the Aid to Families with Dependent Children (AFDC) program. At the hearing on the petition, appellant testified that she no longer wished to receive AFDC benefits. However, she did not withdraw her application for such benefits either before or after the hearing, and continues to receive payments. The trial court entered an order which cancelled appellant’s AFDC payments and directed appellee to pay $50 per month to reimburse HRS for those payments previously made to appellant. We reverse.
First, it was error for the trial court to determine the subject and order the husband to reimburse the state where there was an absence of appropriate pleadings and prior notice to the parties. See Barriero v. Barriero, 377 So.2d 999 (Fla. 3d DCA 1979).
*454 Second, a circuit court judge has no authority to order the Department of Health and Rehabilitative Services (HRS), an agency of the executive branch of state government, to terminate AFDC payments made to a mother for her child’s benefit. Cf. In re Interest of J.S., 444 So.2d 1148 (Fla. 5th DCA 1984) (court may request HRS to assist a mother in the institution of a paternity suit against a putative father but may not order HRS to render such assistance).
Reversed.