PER CURIAM.
The Department of Health and Rehabilitative Services (HRS) appeals an order directing it to stop making Aid to Families with Dependent Children (AFDC) payments for the benefit of Steddrik Jimeson. We dismiss the appeal.
Arlene Jimeson was receiving AFDC payments for Steddrik Jimeson. In January 1982, as subrogee of Jimeson, HRS prosecuted to judgment against Ira Neas-man a complaint to determine paternity and child support. In February 1985, a motion for contempt for failure to make child support payments was filed. At the hearing on the motion, it was revealed that Jimeson was receiving AFDC payments for Sted-drik. Jimeson testified that she did not want to receive the payments. There was testimony, however, that Jimeson was told by HRS that because she had another child receiving payments, Steddrik also had to receive them. The trial judge did not rule on the motion for contempt, except by directing HRS to stop making AFDC payments to Jimeson for Steddrik.
It is clear that HRS has taken a position antagonistic to Jimeson, but has not provided her with notice and an opportunity to be heard on the issue raised. Entertaining HRS’ appeal would result in a denial of Jimeson’s due process rights. Cf. Gurman v. Gurman, 474 So.2d 1276 (Fla. 3d DCA 1985) (refusing to consider on appeal the contention that the trial court had erred by absolving a client of further liability to her attorney where the client was not provided the opportunity to defend the appeal). Consequently, the appeal is dismissed.[1]

. This case is not controlled by Layne v. Layne, 478 So.2d 453 (Fla. 3d DCA 1985) because the question of the propriety of our considering the appeal was not raised or addressed in that case.