NIMMONS, Judge.
In 1984, a final judgment of paternity established appellee as the father of Debra Ealey’s daughter, Alicia. The Department of Health and Rehabilitative Services (“HRS”) was and had been making payments under the Aid To Families With Dependent Children (AFDC) program to Debra Ealey on behalf of the family unit which included daughter Alicia and Debra’s other children.
Two years later, pursuant to appellants’ motion, the trial court subsequently modified the judgment of paternity to order appellee to begin making support payments for Alicia through the court’s domestic relations depository. The court also sua sponte ordered HRS to cease making AFDC payments to Debra Ealey on behalf of Alicia. HRS and Debra Ealey appeal this portion of the modification order. We reverse.
Dependent children and their parent caretaker who meet the eligibility criteria of Title IV of the Social Security Act (42 U.S.C.A. § 601 et seq.) are entitled to AFDC benefits upon application. Federal funds are made available to the state after a state plan has been submitted and approved by the federal government. 42 U.S. C.A. § 601. If a state elects to participate in the AFDC program, it must operate its program in accordance with the provisions of Title IV. Florida participates in the AFDC program under an approved state plan.
Under the AFDC program, financial eligibility is determined on a family unit basis rather than on an individual basis. In order to be eligible, the family unit must be found to be needy. Under present law, all parents and dependent minor siblings living with an AFDC recipient are, with limited exceptions, to be included in the family unit. 42 U.S.C.A. § 602(a)(38).[1]
The trial court in the instant case apparently felt that Alicia should be removed from the AFDC unit because the support payments ordered — and apparently being paid — exceeded the pro rata share of the AFDC benefits attributable to Alicia. This was error. It is apparent that the trial court failed to consider the applicable federal criteria set forth in 42 U.S.C.A. § 602. For example, the court obviously failed to take into consideration § 602(a)(8)(A)(vi) which provides that, in de *175 termining need with respect to any month, the state agency “shall disregard the first $50 of any child support payments received in such month....”
Accordingly, we reverse that portion of the order which required HRS to cease making AFDC payments to appellant on behalf of Alicia and remand the case for further proceedings to determine whether and to what extent the AFDC payments to appellant should be reduced by reason of the child support payments.[2]
REVERSED and REMANDED.
MILLS and ERVIN, JJ., concur.

. This section was added by the Deficit Reduction Act of 1984. Prior thereto, Title IV (specifically 42 U.S.C.A. § 602(a)(7)) had been interpreted so as to allow AFDC applicants the option of excluding income-receiving family members from the unit in order to avoid disqualifying the entire family or reducing its level of benefits. As noted above, § 602(a)(38) no longer allows such practice. We would also note that in Bowen v. Gilliard, 483 U.S. -, 107 S.Ct. 3008, 97 L.Ed.2d 485 (1987) the Supreme Court sustained § 602(a)(38) as against the arguments that the required inclusion in the AFDC unit of children receiving child support payments ran counter to state law requirements that child support money be used for the exclusive benefit of the child for whom support is paid and that such application of this section was therefore contrary to the Due Process Clause and the Takings Clause of the Fifth Amendment.

. We do not agree with our sister court in Layne v. Layne, 478 So.2d 453 (Fla. 3rd DCA 1985), which, apparently based upon separation of power grounds, held that "a circuit judge has no authority to order [HRS], an agency of the executive branch of state government, to terminate AFDC payments made to a mother for her child's benefit. Cf. In re Interest of J.S., 444 So.2d 1148 (Fla. 5th DCA 1984)....” Id. at 454. Compare Jimeson v. Neasman, 485 So.2d 863 (Fla. 3rd DCA 1986). We believe that J.S. is distinguishable from Layne and is not supportive of the above blanket holding announced in Layne. See §§ 409.235-409.2574, Florida Statutes, which implement the AFDC Title IV provisions.