528 So.2d 87 (1988)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellant,
v.
A.F., a Child, Appellee.
No. 87-1988.
District Court of Appeal of Florida, Fifth District.
July 7, 1988.
*88 Linda K. Harris, Gainesville, for appellant.
No appearance for appellee.
SHARP, Chief Judge.
The Department of Health and Rehabilitative Services appeals from the trial court's order awarding costs against HRS pursuant to section 57.041, Florida Statutes (1987)[1] in a Chapter 39 proceeding. We affirm.
HRS initiated this proceeding by filing a petition to declare that a child, A.F., was dependent. Private counsel represented A.F.'s parents, and the cause was actively defended. At the closing of HRS's case, the trial court dismissed the petition on the ground that the evidence presented was insufficient to support a finding of dependency.
Counsel for the parents filed a motion for attorney's fees and costs, pursuant to sections 57.105 and 57.041, Florida Statutes (1987), respectively. The trial court denied an award of attorney's fees, but granted costs totalling $583.58. They were itemized as follows in appellee's motion:

 Clerk's Praecipes and Subpoenas
 for six (6) Deponents .................. .. $ 24.00
 Sheriff's service of six (6)
 Subpoenas for six (6) Deponents ........ .... 60.00
 Clerk's Praecipe and Subpoena
 for Dr. Shutze Subpoena ................ ..... 4.00
 Sheriff's service of Dr.
 Shutze Subpoena ........................ .... 10.00
 Court Reporter Costs ................... .... 96.25
 Cost of Linda Galloway
 Praecipe and Subpoena .................. ..... 4.00
 Cost of Sheriff's Service of
 Linda Galloway Subpoena ................ .... 10.00
 Cost of Brian Harrison
 Praecipe & Subpoena .................... ..... 4.00
 Sheriff's Service of Brian
 Harrison Subpoena ...................... .... 10.00
 Cost of taking Deposition
 of Linda Galloway ...................... ... 106.33
 Cost of taking Deposition
 of Brian Harrison ...................... ... 155.00
 Cost of Transcript of Trial
 on June 4, 1987 ........................ ... 100.00
 __________
 TOTAL COSTS .................... .. $583.58

HRS argued that section 57.111, Florida Statutes (The Florida Equal Access to Justice Act of 1984) precludes an award of costs in this case. However, that law merely provides that attorney's fees and costs shall be made under certain circumstances to a prevailing small business party in an adjudicatory or administrative proceeding under Chapter 120, which was initiated by a state agency, unless the agency's actions were justified, or special circumstances make the award unjust. See, e.g., Gentele v. Department of Professional Regulation, Board of Optometry, 513 So.2d 672 (Fla. 1st DCA 1987); City of Naples Airport Authority v. Collier Development Corp., 515 So.2d 1058 (Fla. 2d DCA 1987). We do not think this provision impacts the award of costs in a juvenile proceeding.
*89 The Florida Supreme Court held that costs can be taxed against the state and its agencies pursuant to section 57.041. Simpson v. Merrill, 234 So.2d 350 (Fla. 1970). The court reasoned that section 57.041:
provides for the recovery of legal costs by the party recovering the judgment in all cases except those specifically exempted. The exemptions in the statutes do not include the state or its agencies and we can find no basis for reading such an exemption into the plain language of the act.
Id., 234 So.2d at 351.
The sole limitation on an award of fees or costs against any party, including HRS, in juvenile proceedings are those provided by section 39.19 and section 39.414, both of which provide:
Court and witness fees.  In all proceedings under this chapter no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition or any parent or legal custodian or child named in a summons. Other witnesses shall be paid the witness fees fixed by law. (Emphasis added)
This court has upheld an award of costs (as opposed to court fees and witness fees) against HRS, and in favor of a guardian ad litem who was carrying out his responsibility in a juvenile dependency proceeding under Chapter 827. See In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), review denied, 472 So.2d 732 (Fla. 1985); relying on In the Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1981), review denied, 418 So.2d 1279 (Fla. 1982) (also awarding costs to a guardian ad litem under Chapter 827).
Further, in A.Z. v. State, 404 So.2d 386, (Fla. 5th DCA 1981), this court ruled that costs other than court fees or witness fees were recoverable against HRS in a dependency proceeding. A.Z.'s mother sought to tax costs against HRS pursuant to Florida Rule of Appellate Procedure 9.400(a):
Costs shall be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs shall include:
(1) fees for filing and service of process;
(2) charges for preparation of the record;
(3) bond premiums; and
(4) other costs permitted by law.
In A.Z., as in this case, it was argued that section 39.414 barred any recovery. We ruled that although some costs allowed by rule 9.400(a) are barred in these cases by section 39.414, other costs, such as charges for preparation of the record, would not be.
We think this case should be decided consistently with A.Z. v. State. Here, the costs allowed against HRS were neither witness fees nor court fees. However, we note an apparent conflict with J.E.R. v. State, 317 So.2d 89 (Fla. 1st DCA 1975) and Division of Family Services Department of Health and Rehabilitative Services v. M.V.W., 349 So.2d 232 (Fla. 1st DCA 1977), although it is not expressly stated in those cases what costs had been assessed.
AFFIRM.
COWART, J., concurs specially with opinion.
ORFINGER, J., concurs in part, dissents in part with opinion.
COWART, Judge, concurring specially.
Whether or not the clerk's and sheriff's fees charged the parents in this juvenile case are "court fees" and therefore subject to the restrictions in sections 39.19 and 39.414, Florida Statutes, is not necessarily the controlling issue in this appeal. Even assuming such fees to be "court fees," the appealed cost award is properly affirmed.
Under section 39.19 and 39.414, Florida Statutes, "court fees" cannot be charged against certain parties and individuals, including the Department of HRS when it brings a petition under Chapter 39. However, the only parties so charged with court fees in this case are the child's parents: the clerk charged them fees for praecipes and subpoenas, while the Sheriff charged them fees for service of subpoenas. As Judge Orfinger correctly notes in his dissent, the Clerk's and Sheriff's fees were improperly *90 assessed against the parents. See §§ 39.19, 39.414, 28.241(2) and 39.06(11), Fla. Stat.
By contrast, the Clerk and the Sheriff did not charge HRS with fees for their services. HRS became obligated to pay the fees in question because the trial court ordered HRS to reimburse the parents for these fees. This the trial court had the legal authority to do under section 57.041, Florida Statutes. Sections 39.19 and 39.414 are not controlling as to the trial court's order, as these statutes do not address whether court fees can or cannot be recovered by one party against another in a Chapter 39 proceeding.
The true problem in this case is that the Clerk and Sheriff improperly charged fees to the parents. Because the trial court has ordered HRS to reimburse the parents, HRS may wish to seek recovery from the Clerk and the Sheriff who improperly charged the parents, or from Lake County pursuant to sections 28.241(2) and 39.06(11)), Florida Statutes.
ORFINGER, Judge, concurring in part and dissenting in part.
I agree that certain costs were properly allowed here, but I cannot agree that all the charges approved by the majority were properly assessed.
As pointed out in the majority opinion, sections 39.19 and sections 39.414 prohibit the imposition of court fees against any party, parent or custodian in any juvenile proceeding. The statute is silent as to the imposition of court costs. Although the terms "fees" and "costs" are often used interchangeably, each has a peculiar and appropriate meaning in law. "Fees" are charges fixed by law for the services of public officers or for use of some privilege under control of the government, whereas the term "costs" are allowances to a party for the expenses incurred in prosecuting or defending a suit. See Crawford v. Bradford, 23 Fla. 404, 2 So. 782 (1887); Dade County v. Strauss, 246 So.2d 137, 141 (Fla. 3d DCA 1971). See also, 20 C.J.S., Costs, § 1, and cases cited therein. The majority opinion does not make that distinction clear, nor did the court do so in A.Z. v. State, 404 So.2d 386 (Fla. 5th DCA 1981).
Section 57.041, Florida Statutes (1987) provides for the recovery of all legal costs and charges from the losing party, and reading this section in conjunction with sections 39.19 and 39.414, it must be concluded that although court fees are not recoverable, legal costs may be recovered. Other statutes now come into play. Section 28.241(2), Florida Statutes provides that for clerks of the circuit court who operate their offices on fees and service charges, the county shall pay a flat fee, now $40, in all juvenile proceedings, in lieu of all other charges, with some exceptions not pertinent here. Similarly, section 39.06(11), Florida Statutes provides that the fees of the sheriff for the service of process, orders or any other paper shall be paid by the county.
Reading all these statutes together, it appears to me that the clerk's fees and the sheriff's fees should not be assessed against the appellant, and that the only allowable costs here should have been:

 Court reporter costs $ 96.75
 Deposition of Linda Galloway 106.33
 Deposition of Brian Harrison 155.00
 Transcript of Trial 100.00

The cases of In the Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), review denied, 472 So.2d 732 (Fla. 1985) and In the Interest of R.W., 409 So.2d 1069 (Fla. 2d DCA 1981), review denied, 418 So.2d 1279 (Fla. 1982) do not support the majority's conclusion. Both of those cases involved the recovery of attorney's fees and costs by a guardian ad litem required by law to be appointed to represent the child in any child abuse proceeding. See § 827.07(16), Fla. Stat. (1981).[1] That statute makes specific reference to the recovery of "the cost of provision of guardian ad litem services." H.R.S. was held responsible for such costs in those cases because of section 827.07(11)[2] which places the prime responsibility on the Department for protecting *91 abused or neglected children. See In The Interest of M.P., 453 So.2d at 87.
NOTES
[1] 57.041 Costs; recovery from losing party. 

(1) The party recovering judgment shall recover all his legal costs and charges which shall be included in the judgment; but this section does not apply to executors or administrators in actions when they are not liable for costs.
(2) Costs may be collected by execution on the judgment or order assessing costs.
[1] Now section 415.508, Florida Statutes (1987).
[2] Now section 415.509, Florida Statutes (1987).