## SCOTT v SAUNDERS, et al.

### Case No. 90-1629 (01)

Seventeenth Judicial Circuit, Broward County

August 27, 1991

## OPINION OF THE COURT

JACK MUSSELMAN, Circuit Judge.

### *ORDER GRANTING MOTION TO QUASH/MOTION FOR PROTECTIVE ORDER*

THIS CAUSE having come before this Court upon the Department of Health and Rehabilitative Service's Motion to Quash/Motion for Protective Order, the Court having considered same and being fully advised in the premises, the Court hereby finds and decides as follows:

### *Syllabus*

In the case at bar, there has been a subpoena issued to the Records Custodian of the Department of Health and Rehabilitative Services— Aid to Families with Dependent Children Division (hereinafter referred to as HRS and AFDC, respectively). Counsel in an effort to determine the reason for the Scott's receipt of public assistance is requesting all reports, records, notes and evaluations resulting from inspections made by the Office of Aid to Families with Dependent Children.

The issue herein is whether the records and reports of HRS relating to the evaluation and the granting of public assistance are discoverable. The Court answers this question in the negative.

The whole concept of financial assistance to needy families sprang up out of title four of the Social Security Act, 42 U.S.C.A. § 601, et seq. "Within the broad statutory framework of the federal program, the states are empowered to enact legislation intended to further the policies of the Social Security Act, with the caveat that in doing so they may not impinge on the constitutional rights of the recipients or contravene the supremacy clause by promulgating legislation squarely in conflict with the federal law." 81 C.J.S. *Social Security and Public Welfare* § 114 (1977).

Thus, if a state elects to participate in an AFDC program, it must operate its program in accordance with the provisions of the Social Security Act, 42 U.S.C.A. § 601, et seq. *Ealey v Holt,* 523 So.2d 173 (Fla. 1st DCA 1988). Florida has chosen to participate in such a program; accordingly, the State is required to comply with all federal laws, statutes and regulations that control Aid to Families with Dependent Children programs. *See generally, Pond v Dept. of HRS,* 503 So.2d 1330 (Fla. 1st DCA 1987).

In Title 45 of the Code of Federal Regulations, there has been enacted a section providing for the safeguarding of information for financial assistance programs, 45 C.F.R. § 205.50 (1990). In particular, this regulation provides that the use or disclosure of information concerning applicants or recipients will be *limited to purposes directly connected with:* (A) the administration of the plan; (B) investigations, criminal or civil proceedings in connection with the plan; (C) the administration of other Federal assistance programs; (D) verification to the Employment Security Agency; (E) audit in connection with the administration of the plan; (F) administration of State unemployment compensation program. 45 C.F.R. § 205.50(a)(1)(i)(A-F) (emphasis added).

In fact, the regulation provides that the State agency has authority to implement and enforce provisions for safeguarding information about applicants and recipients. § 205.50(a)(1)(ii). This provision further prescribes the disclosure of any information regarding these persons, including their names and addresses. However, there is an exception from this strict prohibition against disclosure—State legislature may provide for public access to records of the disbursement of funds to individuals, on the condition that this list of names is prohibited from use for any commercial or political purposes. § 205.50(a)(1)(iii-iv).

In drafting Chapter 409, F.S., the Florida Legislature took advantage of this provision and enacted section 409.355, F.S., which provides for the Public Assistance rolls to be open. The statute also incorporates the limitation provision dictated by the federal government by declaring it unlawful to use this list for commercial or political purposes of any nature. § 409.355(2)(a). Further, the Florida Administrative Code conveys that any person has the right to apply for assistance and that the individual has the right of confidentiality. 5 F.A.C. 10C-1.078(1)(2) (1991).

In regards to the request for production in the present case, it must be noted that 45 C.F.R. § 205.50(a)(2)(i) (A-D) states that types of information to be safeguarded include but are not limited to (A) names and addresses (name is an exception herein, under § 409.355, F.S.); (B) social and economic conditions; (C) agency evaluations; and (D) medical data, including diagnosis and past history of disease or disability.

Moreover, section 205.50(a)(2)(ii) provides that the release or use of information concerning individuals applying for public assistance is restricted to persons or agency representatives who are subject to standards of confidentiality. Furthermore,

In the event of the issuance of a subpoena for the case record or for any agency representative to testify concerning an applicant or recipient, the court's attention is called, through proper channels to the statutory provisions and the policies or rules and regulations against disclosure of information. § 205.50(a)(2)(iv).

Based on the foregoing, it is hereby ORDERED AND ADJUDGED that HRS's Motion to Quash/Motion for Protective Order be GRANTED, as the materials counsel wishes to discover are protected.

DONE AND ORDERED in Chambers at the Broward County Courthouse, Fort Lauderdale, Florida 33301 this 27th day of August, 1991.