ON MOTION TO REVIEW APPELLATE COSTS
CAMPBELL, Acting Chief Judge.
Appellant, DeLesline Construction, Inc., has asked this court to review the appellate costs awarded to appellee, George F. Young, Inc., resulting from Young’s defense of the appeal.
This construction litigation arose out of appellant’s contract with the Manatee School Board to remodel the Bayshore Elementary School. Following delays allegedly caused by the school board and the discovery that the sanitary sewer system did not meet design grades, appellant filed suit against the Manatee County School Board, the architect of the remodeling project and George F. Young, Inc., the engineer, for their alleged negligence in scheduling and preparing the plans for the project.
At trial, following the conclusion of appel-lanVplaintiff s ease in chief, the court granted the architect’s and Young’s motions for involuntary dismissal on the grounds that appellant failed to present evidence of a standard of care. That order was entered on August 21, 1991. On August 20, 1991, the court entered final judgment against the school board, awarding appellant $53,168.98 in damages.
In its posttrial motion, appellant argued that it did not need to prove the applicable standard of care because it established that an incorrect invert had been given and the remaining issues were common sense. The court denied the motion, ruling that, as the trier of fact, it could not determine that either the architect or Young failed to live up to the standard in the community for professionals of that type.
This court affirmed the trial court, including the dismissal of Young. Young then returned to the trial court pursuant to Florida Rule of Appellate Procedure 9.400, moved for and was granted, on August 2, 1993, an award of $2,465.00 in costs against appellant. Appellant then properly filed a motion to review that award of costs in this court. See A.Z. v. State, 404 So.2d 386 (Fla. 5th DCA1981). We ordered Young to file a response.
In its motion to review costs, appellant argues that the costs were improperly awarded to Young because they represent the cost to prepare transcripts for trial matters occurring after Young was dismissed from the case. Appellee responds:
[CJounsel for Appellee was not present and was not aware of all of the testimony that took place in the later part of the trial which involved another defendant. Appellant having disputed the grounds for the dismissal of Appellee, it was anticipated that Appellant’s counsel might argue in this court that somewhere in the remaining portion of the trial there was evidence to support Appellant’s claim of malpractice. *1272 Further, counsel for Appellee was entitled to search the record for additional evidence which arose in the absence of Appel-lee which would have supported the dismissal.
In view of the fact that neither this court nor the trial court could consider any evidence concerning Young’s alleged negligence or standard of care if it was presented after the trial court dismissed Young, Young’s argument to the contrary is specious. The only subsequent matter that this court could consider would be those post-trial matters that specifically related to Young.
We would, therefore, agree with appellant that if Young is entitled to any costs, it should only be the costs to prepare the portions of the transcript that reflect those trial matters occurring before Young was dismissed from the case and the portions of the transcript that reflect any post-trial matters concerning him.
The motion to review costs is granted with the provision that appellant is only required to pay those costs reflecting matters occurring before his dismissal and those costs reflecting post-trial matters concerning him.
HALL and BLUE, JJ., concur.