FLETCHER, Judge.
Louis Gordon and Faith Gordon, the parents, appeal a cost judgment entered against them in favor of the prevailing party (the guardian ad litem) in a child dependency termination of parental rights case. We affirm the cost judgment.
This matter was before us previously on the issue of whether section 57.041, Florida Statutes (1993) requires the trial court to assess costs in such cases. Gordon v. Department of Health & Rehabilitative Servs., 637 So.2d 948 (Fla. 3d DCA 1994). In our prior opinion, we determined that the provisions of section 57.041, Florida Statutes (1993) are not mandatory (contrary to the trial court’s conclusion) and reversed that cost judgment.
The trial court then promptly determined that section 57.041 authorized it to award costs in child dependency cases in the exercise of that court’s discretion (an issue we had not reached in our earlier decision). Exercising its presumed discretion, the trial court assessed costs against the' parents, in favor of the guardian ad litem.[1]
The taxation of costs in juvenile proceedings at the discretion of the trial court pursuant to section 57.041 has been upheld by the Fifth District Court of Appeal. Department of Health & Rehabilitative Servs. v. A.F., 528 So.2d 87 (Fla. 5th DCA 1988). In that case, the costs were assessed against the Department of Health and Rehabilitative Services, but we discern no difference in exercising that discretion to tax costs against the parents where they are not the prevailing party, as long as the discretion is carefully exercised to protect the children.[2]
In that regard, we note that the cost judgment was recorded in the public records, thus revealing the names of all the children involved and the existence of the termination proceedings. We suggest to the trial court that, in matters such as this, a method be devised to keep such information from being made public, yet provide the prevailing party with the ability to enforce the cost judgment.
The trial court’s cost judgment entered pursuant to section 57.041, in that court’s discretion, against the parents and in favor of the guardian ad litem in this child dependency termination of parental rights case is affirmed.

. The cost judgment actually directs payment to the attorney for the guardian ad litem, Karen A. Gievers, as she had expended her own funds for the costs.

. Indeed, section 415.508(2), Florida Statutes (1993) states the legislative policy:
“In those cases in which the parents are financially able, the parent or parents of the child shall reimburse the court, in part or in whole, for the cost of provision of guardian ad litem services.”
Our decision today furthers that policy.