BENTON, Judge.
W.S.M., Jr., the father of two daughters (who each have the same initials: S.M.), appeals the denial of his motion to tax against the Department of Health and Rehabilitative Services (HRS) the costs, but not the attorney’s fees, he incurred in a dependency proceeding. We reverse and remand for further proceedings.
HRS filed a dependency petition under Chapter 39, Florida Statutes (1993), alleging that W.S.M., Jr., and his brother, M.M., sexually abused S.M. and S.M. A three-day hearing ensued at which twenty-two witnesses testified, including the children’s pediatrician, two psychologists, two licensed mental health counselors, a nurse practitioner, a licensed clinical social worker, the detective who interviewed one of the children, both parents, and both sets of grandparents.
After hearing the evidence, the trial judge dismissed the petition, finding the investigative techniques of certain HRS witnesses “highly suspect,” and concluding that HRS “wholly failed” to prove its allegations of sexual abuse against either the father or the uncle.
Having prevailed on the merits, the father filed a motion to tax costs, invoking section 57.041, Florida Statutes (1993). The father did not seek an award of attorney’s fees. The trial court denied the motion to tax costs, on grounds that HRS had filed the petition for dependency in good faith, based on a third party’s allegations, and that HRS had a statutory duty to prosecute the case to its ultimate conclusion. On appeal, the father assigns this denial as error.

Prevailing Party Entitled, to Costs

With statutory exceptions not pertinent here, the general rule is that a “party recovering judgment shall recover all his legal costs and charges_” § 57.041, Fla. Stat. (1993). See The Florida Bar v. Bosse, 609 So.2d 1320 (Fla.1992); The Florida Bar v. Davis, 419 So.2d 325, 328 (Fla.1982)(“In civil actions the general rule in regard to costs is that they follow the result of the suit ... and in equity the allowance of costs rests in the discretion of the court.”). We are not concerned here with an acquitted criminal defendant. Cf. Wolf v. County of Volusia, 22 Fla. L. Weekly S192, — So.2d - [1997 WL 182884](Fla. Apr. 17, 1997). Although an agency of state government, HRS enjoys no exemption from section 57.041 on that account. The fact that a party against whom costs are to be taxed is a state agency does not preclude an award. Simpson v. Merrill, 234 So.2d 350 (Fla.1970); In Interest of M.P., 453 So.2d 85 (Fla. 5th DCA 1984), review denied, 472 So.2d 732 (Fla.1985). See State of Fla., Dep’t of Health and Rehabilitative Servs. v. Lee County, 409 So.2d 1069 (Fla. 2d DCA 1981).
Both the Fifth District in Department of Health and Rehabilitative Services v. A.F., 528 So.2d 87 (Fla. 5th DCA 1988) and the Third District in Gordon v. Department of Health and Rehabilitative Services, 674 So.2d 840, 841 (Fla. 3d DCA 1996)(“taxation of costs in juvenile proceedings [is] at the discretion of the trial court pursuant to see *248 tion 57.041”) and Gordon v. Department of Health and Rehabilitative Services, 687 So.2d 948 (Fla. 3d DCA 1994) have concluded that section 57.041, Florida Statutes, applies in juvenile proceedings. See also Department of Health and Rehabilitative Servs. v. Crossdale, 585 So.2d 481, 483 (Fla. 4th DCA 1991)(“Section 57.041 creates a general right in a prevailing party for costs following judgment as a matter of course.”).
Again with exceptions not pertinent here, the language of section 57.041 conditions a prevailing party’s entitlement to an award of costs only on “recovering judgment.” E.g., Henson v. James M. Barker Co., Inc., 636 So.2d 887 (Fla. 1st DCA 1994); Weitzer Oak Park Estate, Ltd. v. Petto, 573 So.2d 990 (Fla. 3d DCA 1991)(prevailing defendants); Oriental Imports, Inc. v. Alilin, 559 So.2d 442 (Fla. 5th DCA 1990)(prevailing defendants); Couch v. Drew, 554 So.2d 1185 (Fla. 1st DCA 1989), approved, Drew v. Couch, 565 So.2d 1354 (Fla.l990)(prevailing defendant); Governing Bd. of St. Johns River Water Management Dist. v. Lake Pickett Ltd., 543 So.2d 883 (Fla. 5th DCA 1989); Horn v. Corkland Corp., 518 So.2d 418 (Fla. 2d DCA 1988); Warren Hunnicutt, Jr., Inc. v. Gleason, 462 So.2d 878 (Fla. 2d DCA 1985); Dragstrem v. Butts, 370 So.2d 416 (Fla. 1st DCA 1979). Contra, e.g., Puder v. Revitz, 424 So.2d 76, 77 (Fla. 3d DCA 1982)(“An award of costs rests within the sound discretion of the trial court_”).
HRS argues, however, that juvenile dependency proceedings were formerly cognizable in equity, citing In re J.S., 444 So.2d 1148, 1149 (Fla. 5th DCA 1984)(“the circuit judge acting as juvenile judge has succeeded to all of that exceptional common law jurisdiction of courts of chancery”). “The general rule is that costs follow the results of the litigation, but in equity this rule may be
departed from according to the circumstances.” Calder Race Course, Inc. v. Gaitan, 430 So.2d 975, 976 (Fla. 3d DCA 1983).
However, in an equity case the general rule that costs follow the judgment should not be departed from unless there are circumstances presented therein which render it unjust that the costs should be charged against the losing party. Moyers v. Coiner, 22 Fla. 422; Moore v. Hunter, 153 Fla. 158, 13 So.2d 909; Spencer v. Young, Fla.1953, 63 So.2d 334.
Foley v. Peckham, 256 So.2d 65, 67 (Fla. 3d DCA 1971). Even assuming the accuracy of HRS’s characterization of juvenile dependency proceedings as matters formerly cognizable in equity — and we do not decide the question — we conclude that the circumstances of the present case are not such as to make it unjust to tax costs against HRS. To deny costs because of HRS’s statutory mandate in dependency cases would be to deny costs across the board in dependency cases. Every District Court of Appeal that has considered the question has rejected this approach.

Certain Fees Excluded in Dependency Cases

By virtue of a separate statute, an award of costs against HRS in dependency proceedings cannot include “court fees” or witness fees for certain witnesses (parties, parents, legal custodians, and children named in petitions). § 39.414, Fla. Stat. (1993). Department of Health and Rehabilitative Servs. v. A.F., 528 So.2d 87 (Fla. 5th DCA 1988); A.Z. v. State, 404 So.2d 386 (Fla. 5th DCA 1981).
Section 39.414, Florida Statutes (which superseded section 39.19 with respect to dependency proceedings in 1978), provides in language that has not been changed[1] since 1973:
*249 In all proceedings under this chapter, no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition or any parent or legal custodian or child named in a summons. Other witnesses shall be paid witness fees fixed by law.
§ 39.19, Fla. Stat. (1973); § 39.414, Fla. Stat. (1993). Unless the proscribed fees[2] are paid in contravention of the statute to begin with, the question of taxing them as costs will not arise.
Neither of our decisions construing section 39.19, Florida Statutes — J.E.R. v. State, 317 So.2d 89 (Fla. 1st DCA 1975) and Division of Family Services Department of Health and Rehabilitative Services v. M.V.W., 349 So.2d 232 (Fla. 1st DCA 1977) — precludes awarding costs (other than court fees and the witness fees now proscribed by sections 39.073 and 39.414) against HRS in a dependency proceeding. We agree with the Second District’s reading of J.E.R. and M.V.W. for the narrow proposition that “imposition of court fees against the department is prohibited by section 39.19, Florida Statutes (1981).” In re T.A.J., 432 So.2d 685, 686 (Fla. 5th DCA 1983)(emphasis supplied). As the A.F. court noted, “it is not expressly stated in those cases [J.E.R. and M.V.W.] what costs had been assessed.” 528 So.2d at 89.
Section 39.414, Florida Statutes (1993), in no way disallows the award of any costs other than “court fees ... and ... witness fees ... [for a] party to a petition or any parent or legal custodian or child named in a summons.” § 39.414, Fla. Stat. (1993). The statute specifically provides that “[o]ther witnesses shall be paid the witness fees[3] fixed by law.” § 39.414, Fla. Stat. (1993). Here approximately half the costs appellant seeks to recover are expert witness fees, which section 92.231, Florida Statutes (1993), provides “shall be taxed as costs.”
On remand, HRS is entitled to itemized notice of the costs sought to be taxed against it. In Burnett v. Burnett, 197 So.2d 854, 857 (Fla. 1st DCA 1967), we said:
[T]he precepts of orderly procedure would require that the successful party file a motion or other application to tax costs, to which should be attached a statement, preferably verified, setting forth the items claimed by him as taxable costs. Such papers should be filed, and copies thereof served upon the opposing party, a reasonable time before the court enters the final judgment or decree, so that there will be sufficient time for the latter party to file any objections he may have to all or any part of such itemization and for the court to hear and adjudicate such items by the time it enters the final judgment or decree.
Thurman v. Thurman, 223 So.2d 572, 573 (Fla. 3d DCA 1969); Sullivan v. Musella, 526 So.2d 719, 721 (Fla. 2d DCA), review denied, 534 So.2d 401 (Fla.1988).
We leave to the trial court on remand, in the event of a dispute about particular items, the task of identifying which claimed costs appellant reasonably and necessarily incurred in defending against HRS’s petition. See Bosse; Coastal Petroleum Co. v. Mobil Oil Corp., 583 So.2d 1022 (Fla.1991); Travieso v. Travieso, 474 So.2d 1184 (Fla.1985). In this connection, the Statewide Uniform Guidelines for Taxation of Costs in Civil Actions reported in Reeser v. Boats Unlimited, Inc., 432 So.2d 1346, 1349 (Fla. 4th DCA 1983) may prove useful.
Reversed and remanded.
VAN NORTWICK, J., concurs.
BOOTH, J., dissents with written opinion.

. As originally enacted by chapter 26880, section 1, Laws of Florida (1951), the statute provided:
(1) In all proceedings under this chapter except those proceedings held before the judge in the capacity of committing magistrate, no court fees shall be charged against, and no witness fees shall be allowed to, any party to a petition or any parent or legal custodian or child named in a summons. Other witnesses shall be paid the witness fees fixed by law, out of funds of the county appropriated for that purpose and not out of the juvenile court fund.
(2) In proceedings before the judge in the capacity of committing magistrate, the fees provided by law shall be paid to witnesses, and for service of process and other functions performed by the sheriff, out of county funds appropriated for that purpose and not out of the juvenile court fund.
*249 § 39.19, Fla. Stat. (1951). After its amendment by chapter 73-231, section 22, at 543, Laws of Florida, section 39.19 assumed the form in which it persisted until it was replicated as what is now section 39.414. Ch. 78-414, § 20, at 1364, Laws of Florida (creating section 39.412). Section 39.414, Florida Statutes (1995) reads the same today as when it first came into existence.

. With respect to delinquency proceedings, similar language now appears in section 39.073, Florida Statutes (1995).

. See Op. Att’y Gen. Fla. 058-315 (1958): Under the statutes then in force, expert witnesses appearing before a juvenile court were to "be paid only the usual compensation.”